PER CURIAM.
This is an appeal by the defendant J.T.R., Inc. from a non-final order striking its pleadings- and entering a default on liability against it in an action for breach of contract and related claims; we have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(iv).
The trial court struck the defendant’s pleadings after the defendant had failed to comply with two prior court orders requiring the production of certain discovery documents, upon a finding that the defendant “deliberately misrepresented” in a response to the second court order [requiring production on a date certain else defendant’s pleadings would be stricken] that such documents were in the possession of the defendant J.T.R., Inc.’s corporate accountant in connection with a complete I.R.S. audit of the defendant’s business — which documents, to the extent available, were allegedly open for inspection at the accountant’s office. However, according to the undisputed affidavit of the accountant, which was filed below, there was no I.R.S. audit of any kind of the defendant’s business and the accountant did not have any of the requested documents; the accountant further averred that he expressly informed the defendant’s counsel of these facts the same day on which the defendant filed the false response, which response was never amended or corrected.
Based on the above undisputed facts, the trial court found that “no I.R.S. audit exists, and ... the accountant Donald Siple does not have possession of the requested documents,” [contrary to the defendant’s deliberate misrepresentations in its response], and, accordingly, the failure of the defendant to produce the requested documents constitutes “a willful and contumacious disregard” of its prior order requiring production of the requested documents. Clearly, there was ample evidence adduced below that the defendant willfully and contemptuously refused to comply with prior court orders requiring production of the subject documents by giving a false story to the court concerning the whereabouts of same; accordingly, under established Florida law, the trial court did not abuse its discretion in striking the defendant’s pleadings and entering the default on liability as a sanction for such willful disobedience. Mercer v. Raine, 443 So.2d 944 (Fla.1983); Georges v. Insurance Technicians, Inc., 448 So.2d 1186 (Fla. 4th DCA 1984).
For the above-stated reasons, the order under review is
Affirmed.