736 So.2d 776 (1999)
Tessie SCHUSSEL, Appellant/Cross-Appellee,
v.
LADD HAIRDRESSERS, INC., d/b/a Hair & Company, a Florida corporation, Appellee/Cross-Appellant.
Nos. 98-1713, 98-1853.
District Court of Appeal of Florida, Fourth District.
July 7, 1999.
Pamela Beckham of Beckham & Beckham, P.A., North Miami Beach, for appellant/cross-appellee.
Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellee/cross-appellant.
HAZOURI, J.
This is an appeal by the plaintiff, Tessie Schussel (Schussel), of a final judgment for the defendant, Ladd Hairdressers, Inc. (Ladd), entered pursuant to a jury's verdict *777 in a trip and fall negligence action. Ladd also appeals the trial court's non-final order denying Ladd's motion to tax costs and attorney's fees. These two cases have been consolidated for this appeal.
On April 21, 1995, Schussel fell in Ladd's shop after her hair appointment. Schussel, eighty-four years of age at the time, broke her left hip and left shoulder as a result of the fall. The injuries sustained by Schussel required surgery. According to Schussel, she tripped and fell over wires that were lying on the floor. However, Ladd asserted that Schussel fell because she became dizzy and that the wires played no role in her fall. The jury returned a verdict in Ladd's favor finding there was no negligence which was a legal cause of loss, injury or damage to Schussel. The trial court denied Ladd's subsequent motion to tax attorney's fees and costs pursuant to an offer of judgment, ruling that the offer of judgment was untimely.
Schussel asserts four points on appeal. We find that all four points are without merit and affirm the final judgment. We also find that the trial court was correct in denying Ladd's motion for attorney's fees and costs pursuant to its offer of judgment because the offer was untimely.
Ladd contends that it made a valid offer of judgment in the amount of $10,000.00 pursuant to section 768.79, Florida Statutes (1995) and Florida Rule of Civil Procedure 1.442. As a result of the jury verdict and final judgment of no liability, Ladd claims it is entitled to have the court assess costs and attorney's fees pursuant to the offer of judgment. The trial court's order denying the defendant's motion to tax costs and attorney's fees stated that the defendant's offer of judgment was untimely and thus unenforceable because the offer of judgment was made less than forty-five days before the first day of the docket on which the case was set for trial.
This case was initially set for a three week trial docket beginning August 18, 1997. Ladd's offer of judgment was served on July 24, 1997, twenty-five days before the first day that the trial docket was set to begin. The 1997 version of Florida Rule of Civil Procedure 1.442(b) delineates the time requirements necessary regarding a proposal for settlement (offer of judgment).[1] Rule 1.442(b) indicates that, to be timely, a proposal for settlement must be served forty-five days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier. In this case, the first date set for the docket to begin was for a three week period beginning August 18, 1997. There was no date certain for the trial to commence. Rule 1.442(b) allows for the distinction between the date that a case is set for trial and the first day of the docket and requires the forty-five day period be measured from whichever date is earlier. The defendant's offer of judgment did not comply with the strict requirements of Rule 1.442(b).
Ladd contends that the offer of judgment was filed in a timely manner because the case did not actually go to trial until February 12, 1998. The crux of Ladd's argument is that the language in Rule 1.442(b) states "45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier," refers not to when the case is initially set for trial, but when the case actually goes to trial. Therefore, since the trial did not commence until February 12, 1998, the offer of judgment was served more than forty-five days before the case actually went to trial. We can find no case law to support this proposition nor is it supported by a plain reading of Rule 1.442(b).
*778 This case did not go to trial on the docket of August 18, 1997 because Ladd moved for a continuance which was granted over the objection of Schussel. Several months later when the case was reset for trial, Ladd did not renew its offer of judgment. Ladd would have us hold that the granting of the continuance breathed life back into an otherwise untimely offer of judgment. Since section 768.79 and Florida Rule of Civil Procedure 1.442 are punitive in nature in that they impose sanctions upon the losing party and are in derogation of the common law, they must be strictly construed. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 614 (Fla. 1995); Loy v. Leone, 546 So.2d 1187, 1189 (Fla. 5th DCA 1989). Nothing in the record reflects that Ladd was prevented from making an offer of judgment much earlier in the case, even prior to the case being set for the docket of August 18, 1997, or from making an offer of judgment after having obtained the continuance. The offer of judgment was untimely and thus unenforceable. We affirm the trial court's non-final order.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] Rule 1.442(b) Time Requirements. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.