756 So.2d 268 (2000)
Louis LIGUORI, Appellant,
v.
Helen DALY, Appellee.
No. 4D99-1413.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied May 5, 2000.
Rosemary B. Wilder and Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Thaddeus M. Hartmann of Dickstein, Reynolds & Woods, West Palm Beach, for appellant.
Paul Jacobs and Geri Sue Straus of Jacobs & Straus, P.A., Boca Raton, for appellee.
TAYLOR, J.
Louis Liguori, the defendant below, appeals from the trial court's award of attorney's fees and costs, which was based on appellee's proposal for settlement. We address the timeliness of the offer.
On June 11, 1997, the trial court set this personal injury action for trial on a six-week docket beginning March 2, 1998 and extending through April 13, 1998. Both sides moved to be excused from portions of the trial docket in March and April: appellant filed a notice of unavailability for April 6 through April 13; appellee filed a notice of unavailability for March 25 through March 31, 1998, and April 4 through April 11, 1998. The trial court entered orders granting the parties' motions to be excused from the trial docket on the dates requested.
During the first five weeks of the six-week trial docket, the case was not called for trial. The parties did not anticipate being called during the final week of the docket, because they had been previously excused from that trial weekApril 6 through April 13, 1998. On April 7, 1998, appellee filed a notice of settlement proposal for $10,000. A week later, the court reset the trial for a four-week docket beginning June 8, 1998. The case was not reached during the June 8th docket and was reset for the docket beginning August 18, 1998. On August 24, 1998, the case was tried before a jury.
After the jury returned a verdict in her favor, appellee moved for an award of attorney's fees and costs under Florida Statutes section 768.79. At the hearing on appellee's motion, appellant argued that the April 7th proposal was not timely under Rule 1.442, because it was served later than forty-five days before the first day of the March 2, 1998 trial docket.[1]
*269 Appellee responded that, because the trial was rolled over to the August docket and held more than forty-five days after her April 7th settlement proposal, her offer was timely and enforceable. The trial court agreed that the offer met the forty-five day requirement and awarded appellee attorney's fees.
Since the hearing, we have decided Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999), which directly addresses the issue of timeliness of a settlement offer made before trial continuances. In Schussel, we held that an offer of judgment is untimely, and, thus, unenforceable, when it is made less than forty-five days before the first day of the docket on which the case is initially set for trial, regardless of when the case actually goes to trial.
The defendant in Schussel, Ladd Hairdressers, Inc. ("Ladd"), was sued for injuries sustained by an elderly customer who allegedly tripped and fell over wires lying on the floor of the hairdressing shop. The jury returned a verdict in Ladd's favor, but the trial court denied Ladd's motion to tax attorney's fees and costs pursuant to its offer of judgment. The court ruled that the offer was untimely. We agreed, after reviewing the following chronology of the case: trial was originally set for a three-week docket, beginning August 18, 1997; Ladd's offer of judgment was served on July 24, 1997 (only twenty-five days before the first day of the docket); no certain date was set for trial; the case was reset for several months later and eventually tried on February 12, 1998; Ladd did not renew its offer of judgment.
We rejected Ladd's contention that the offer of judgment was timely since it was filed more than forty-five days before the case actually went to trial. We stated:
Ladd would have us hold that the granting of the continuance breathed life back into an otherwise untimely offer of judgment. Since section 768.79 and Florida Rule of Civil Procedure 1.442 are punitive in nature in that they impose sanctions upon the losing party and are in derogation of the common law, they must be strictly construed. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 614 (Fla.1995); Loy v. Leone, 546 So.2d 1187, 1189 (Fla. 5th DCA 1989).
Id. at 778.
We determined in Schussel that the offer of judgment, filed twenty-five days before the trial docket was set to begin, was void ab initio because it did not comply with the strict requirements of rule 1.442(b); it could not be resurrected, once void. In this case, however, the proposal for settlement was not void from the beginning. It was made during the final week of the March 2, 1998 docket, at a time when the parties, having been excused from the last week of trial by court order, were no longer set for trial. Unlike the offer made in Schussel, which related to a trial docket which was imminent and only twenty-five days away, the proposal in this case appears to have been directed to the next, as yet, unscheduled docket (which turned out to be sixty-two days away). Based on these particular facts, we find that the proposal for settlement was timely and enforceable.
We also affirm the amount of the attorney's fees award, which was computed by applying a 2.1 contingency fee multiplier. *270 See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
AFFIRMED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.442 states:

(a) Applicability. This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demand, or proposals and supersedes all of the provisions of the rules and statutes that may be inconsistent with this rule.
(b) Time requirements. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier. ...
(emphasis supplied).