761 So.2d 399 (2000)
PROGRESSIVE CASUALTY INSURANCE CO., Appellant,
v.
RADIOLOGY AND IMAGING CENTER OF SOUTH FLORIDA, INC., Appellee.
No. 3D99-2352.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Rehearing Denied July 26, 2000.
*400 Conroy, Simberg & Ganon and Hinda Klein (Hollywood), for appellant.
Jose R. Iglesia and Mari Sampedro-Iglesia, for appellee.
Before JORGENSON, LEVY, and FLETCHER, JJ.
LEVY, Judge.
Progressive Casualty Insurance Co. ("Progressive"), the plaintiff below, appeals from a Final Judgment Order wherein the trial court awarded attorneys' fees and costs to the defendant, Radiology and Imaging Center ("RIC"), as the prevailing party. We affirm.
Progressive filed a declaratory judgment action against RIC seeking a declaration as to whether it could, under protest, pay a medical bill submitted under the insured's PIP coverage and then seek reimbursement from the provider on the grounds that the bill was excessive, unreasonable and/or unnecessary. The cause was originally set to be tried during a trial period beginning on Monday, October 27, 1997, and concluding on Friday, October 31, 1997. As of Thursday, October 30, 1997, the case had not yet been heard by the trial court. Thereafter, as it became apparent that the case would not go forward within the trial period, RIC mailed an Offer of Judgment to Progressive in the amount of $1,000.00 on October 30, 1997. The case was reset for a one-week trial period commencing on January 20, 1998. However, the case was not heard during that trial period either. The matter was subsequently rolled over until the trial finally began on September 4, 1998. Final Judgment was rendered in favor of RIC, but RIC was ordered to pay Progressive $640.00 plus interest, based on RIC's admission at trial that there had been a mistake in billing. Thereafter, as the prevailing party, RIC moved for attorneys' fees and costs pursuant to its Offer of Judgment under Florida Statute section 768.79 and Florida Rule of Civil Procedure 1.442. Progressive objected on the ground that RIC made an untimely Offer of Judgment under Florida Rule of Civil Procedure 1.442. The trial court initially denied RIC's request for attorneys' fees and costs; however, on rehearing, the trial court vacated the denial and awarded RIC $23,445.00 in attorneys' fees, $324.00 in costs, $2,376.00 in interest and $1,000.00 in expert witness fees. This appeal ensued.
Florida Rule of Civil Procedure 1.442 states that "[n]o proposal [for settlement] shall be served less than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier." Under this bright-line rule, any Offer of Judgment made so close to a trial period so as to render it untimely is, in effect, a nullity which cannot be subsequently resurrected by a continuance of the trial period that was in effect at the time the Offer of Judgment was made. See Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999) (finding that the granting of a continuance will not breathe life back into an otherwise untimely Offer of Judgment). There is a single exception to this bright-line rule. If an Offer of Judgment is made at a point in time in which it appears, from the facts of the individual case, that the Offer of Judgment is not directed to the current trial period, but, rather, is intended for the next, as yet, unscheduled trial period, then in that situation, and in that situation only, the Offer of Judgment is not a nullity and is considered timely. In order to rely upon this exception, there must be some evidence in the record that both parties know that the case will not be tried during the current trial period and that the Offer of Judgment is made in anticipation of the next, as yet, unscheduled trial period. See Liguori v. Daly, 756 So.2d 268 (Fla. 4th DCA 2000). This is a very limited exception which must be strictly applied to these narrow circumstances.
We find that this narrow exception applies to the instant matter. RIC claims *401 that it made the Offer of Judgment only after both parties knew that the case would not be heard during the October 27, 1997 through October 31, 1997 trial period and that said offer was made in anticipation of the next, as yet, unscheduled trial period. We agree. Although the total record is not before this Court in order to allow us to know all that occurred below, the fact remains that RIC mailed the Offer of Judgment on Thursday, October 30, 1997, one day before the trial period ended. Thus, in all likelihood, Progressive would not have received said offer until at least the Saturday following the end of the scheduled trial period. We find this fact to be totally consistent with RIC's position that both parties knew that the case would not be heard on or before October 31, 1997, and totally inconsistent with any suggestion that the Offer of Judgment was directed to the October 27, 1997 through October 31, 1997 trial period. We also find this fact consistent with RIC's assertion that said offer was made in anticipation of the next, as yet, unscheduled trial period.
Ultimately, the matter was reset for a one-week trial period beginning on January 20, 1998. Since RIC served the Offer of Judgment more than 45 days before this date, we find that said offer was timely under Florida Rule of Civil Procedure 1.442. Accordingly, we hold that the trial court properly awarded RIC attorneys' fees and costs as the Offer of Judgment was timely.
Affirmed.