TAYLOR, J.
We reverse the trial court’s order awarding attorney’s fees as a sanction against appellant’s attorney for filing a motion for attorney’s fees under the offer of judgment statute.
This appeal arose from a probate action wherein appellee Bert Hathaway, the decedent’s brother, filed a petition to determine beneficiaries. At trial, appellant Monica Ann Brooks, the decedent’s natural daughter, prevailed on the petition and was declared the sole beneficiary of her father’s estate.[1] Through counsel, Brooks filed a motion for attorney’s fees based on an offer of judgment served on appellee before trial. Appellee responded to the motion, contesting the offer’s timeliness because it was served just twenty two days before the first scheduled trial date, contrary to Florida Rule of Civil Procedure 1.442. Appellant’s counsel, Kathleen A. Collins, scheduled a three-hour hearing on the motion for August 25, 1999. She intended to argue that the offer was timely because it was made more than 45 days before the actual trial date.
Collins said that on the day before the scheduled hearing, she was updating her legal research in preparation for the hear *526 ing when she discovered our recent opinion in Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999). Because Schussel appeared to be against her posi-' tion, she contacted counsel for appellee and advised him that she intended to concede on the timeliness issue and cancel the hearing. However, the trial court refused to cancel the hearing and, instead, denied the motion for attorney’s fees and imposed attorney’s fee sanctions against Collins personally for filing the motion for fees.
In its order the trial court found that:
KATHLEEN A. COLLINS, ESQ., was well aware of Rule 1.442(b), Fla. Stat., and the case law interpreting the time requirements imposed by that Rule and still filed a Motion for Attorney’s Fees. The Statute speaks for itself and needs little guidance from the Courts.
THOMAS N. SILVERMAN, P.A., expended time and effort to defend a motion that had no reasonable chance of success, and which could not be logically and reasonably argued through existing law, as evident by Kathleen A. Collins, Esq. actions the day before the scheduled hearing.
The trial court noted its inherent power to assess attorney’s fees and costs against counsel for filing frivolous motions, citing Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996), and Sanchez v. Sanchez, 435 So.2d 347, 350 (Fla. 3d DCA 1983). As additional authority, the court cited section 57.105, Florida Statutes, which provides for the imposition of attorney’s fees when there is a complete absence of a justiciable issue.
This court reviews a trial court’s order imposing sanctions under an abuse of discretion standard. Paranzino v. Barnett Bank of South Florida, 690 So.2d 725 (Fla. 4th DCA 1997). As the trial court correctly observed, Section 57.105 permits a trial court, upon its own motion, to award attorney’s fees when the court finds that a claim or defense presented to the court was not supported by the material facts necessary to establish the claim or defense or would not be supported by the application of then-existing law to those material facts. That statute also provides, however, that it will not apply “if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.” § 57.105, Fla. Stat. (1997).
In June 1999, when Attorney Collins filed the motion for attorney’s fees under the offer of judgment statute, we had not yet decided Schussel. Schussel, which had facts similar to those in this case, established our position that the offeror must comply with the strict requirements of Rule 1.442(b).[2] There, the defendant served an offer of judgment just twenty-five days before the first day that the trial docket was set to begin. He argued that the offer was timely because the case did not actually go to trial until several months after the date of the initially set docket. His contention was that the language in Rule 1.422(b) requiring that the offer be made “45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier,” referred to when the case is actually tried. We rejected that argument, holding that a continuance cannot “breathe life back into an otherwise untimely offer of judgment.” 736 So.2d at 778.
During the pendency of this appeal we again addressed the time requirements of Rule 1.442. In Liguori v. Daly, 756 So.2d 268 (Fla. 4th DCA 2000), we carved out a narrow exception to the bright line rule announced in Schussel. There, we af *527 firmed the trial court’s ruling that a settlement offer was timely and enforceable though not served forty-five days before the first day of the first trial docket. We distinguished Schussel, finding that the offer was “not void from the beginning.” When the offer in Liguori was made, the trial court had already entered an order excusing the parties from the first scheduled trial docket. We said that “[ujnlike the offer made in Schussel, which related to a trial docket which was imminent and only twenty-five days away,” the proposal in Liguori appeared to have been directed to the “next, as yet, unscheduled docket.” Id. See also Progressive Cas. Ins. Co. v. Radiology and Imaging Ctr. of S. Florida, Inc., 761 So.2d 399 (Fla. 3d DCA 2000).
The above recent decisions illustrate the continuing development of case law on the time requirements of settlement offers and lend support to appellant’s position that her motion for fees was not frivolous or filed in bad faith. She made the same argument as the defendant in Schus-sel and “presented to the court ... a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.” We conclude that the trial court erred in finding that Collins filed a motion that had “no reasonable chance of success and which could not be logically and reasonably argued through existing law.” Under these circumstances, the award of sanctions against counsel for appellant was an abuse of discretion.
Accordingly, we reverse the order awarding attorney’s fees to appellee as a sanction against counsel for appellant. Our reversal renders the issue concerning the amount of the fee award moot. We affirm that portion of the order denying attorney’s fees to appellant pursuant to the offer of judgment.[3]
AFFIRMED in part; REVERSED in part and REMANDED.
FARMER and GROSS, JJ., concur.

. We affirmed per curiam in Hathaway v. Brooks, 755 So.2d 131 (Fla. 4th DCA 2000).

: Rule 1.442(b). Time Requirements. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.

. We note our recent decision holding that the offer of judgment statute is limited to actions for damages. See Miller v. Hayman, 766 So.2d 1116 (Fla. 4th DCA 2000).