790 So.2d 497 (2001)
Julio C. GONZALEZ and Zoraida Gonzalez, Appellant,
v.
Thomas L. LARGEN, M.D., and Largen & Clontz Surgical Associates, P.A., et al., Appellee.
No. 5D00-26.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
*498 Patricia A. Doherty of Wooten, Honeywell & Kest, P.A., Orlando and Elizabeth C. Wheeler of Wheeler & Wilkinson, LLP, Orlando, for Appellants.
Francis E. Pierce, III and David B. Falstad of Gurney & Handley, P.A., Orlando, for Appellees.
*499 PALMER, J.
In this medical malpractice action, Julio and Zoraida Gonzalez appeal the final judgment entered by the trial court in accordance with the jury's verdict finding no negligence on the part of Dr. Thomas Largen related to his removal of Julio Gonzalez' gallbladder. We affirm.
The Gonzalezes first contend that the trial court erred in denying their motion for a directed verdict. They maintain that the trial court should have entered a directed verdict in their favor because no reasonable explanation was proposed by Dr. Largen's medical experts explaining how Mr. Gonzalez' injuries could have occurred in the absence of Dr. Largen's negligence. We disagree. Entry of a directed verdict is proper only when the evidence and all inferences of fact, construed most strictly in favor of the nonmoving party, cannot support in the minds of the jurors any reasonable difference as to any material fact or inference. Reed By and Through Lawrence v. Bowen, 503 So.2d 1265, 1266 (Fla. 2d DCA 1986), approved, 512 So.2d 198 (Fla. 1987). Dr. Largen's expert witnesses presented competent evidence on the issue of causation. Also, Dr. Largen's cross examination of the Gonzalezes' medical experts was sufficient to place their credibility at issue. See Haas v. Zaccaria, 659 So.2d 1130, 1133 (Fla. 4th DCA 1995), rev. denied, 669 So.2d 253 (Fla.1996)(recognizing that the jury is free to reject the testimony of plaintiffs' expert witnesses and to accept only a denial by the defendants and return a verdict for defendants).
The Gonzalezes next contend that the trial court erred in denying their motion for a mistrial based upon Dr. Largen's violation of the court's pre-trial ruling prohibiting the introduction of collateral source evidence. We again disagree.
In considering whether a mistrial should be granted when testimony concerning insurance coverage is improperly adduced during trial, our supreme court in Carls Markets, Inc. v. Meyer, 69 So.2d 789, 793 (Fla.1953) held:
We adhere to the principle that if insurance is inadvertently mentioned, or information about insurance is volunteered, or even if such testimony is attempted to be introduced and the court upon objection immediately acts to prevent further transgression of the rule and to caution the jury to disregard the testimony the trial need not be discontinued.
This reasoning was later cited by the First District in Crowell v. Fink, 167 So.2d 614, 615 (Fla. 1st DCA 1964):
This Court has consistently followed the doctrine of the Carls Markets, Inc. case, both as to the harmful and harmless aspects of reference to insurance in the course of the trial, in its disposition of appeals involving the same or similar points of controversy.... The manner in which this isolated reference to insurance was made was not likely to unfairly prejudice the minds of the jury or inflame their passions in favor of appellee.... It is our conclusion, and we so hold, that the error, if any, caused by the incident which forms the basis of this appeal was harmless and not sufficient to require the entry of an order of mistrial as a matter of law.
Id. at 615 (footnote omitted).
Here, although the trial court had instructed counsel not to introduce evidence of collateral sources and to instruct their witnesses accordingly, Dr. Largen injected testimony which informed the jury that Mr. Gonzalez was receiving Medicaid benefits during the time he was being treated by Dr. Largen. Counsel for the *500 Gonzalezes properly objected and moved for a mistrial; however, the court denied the motion, admonished Dr. Largen, and then indicated that the court would grant a mistrial if the subject was brought up again. The court also issued a curative instruction to the jury. While the decision concerning whether to grant a mistrial is within the trial court's discretion, a mistrial should not be granted unless an absolute legal necessity to do so exists. White v. Consolidated Freightways Corp. of Delaware, 766 So.2d 1228, 1232 (Fla. 1st DCA 2000). On this record, we agree with the trial court that no "absolute legal necessity" to grant a mistrial was presented.
The Gonzalezes next contend that the trial court erred in denying their motion for new trial. They first claim that the trial court should have granted them a new trial because the jury's finding of no liability was contrary to the manifest weight of the evidence. For the same reasons set forth above in our discussion on the trial court's denial of the Gonzalezes' motion for a directed verdict, we reject this contention as meritless. See Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985)(holding that the decision of whether to grant a motion for a new trial is within the trial court's broad discretion and a ruling thereon must not be disturbed absent a showing of an abuse of discretion).
The Gonzalezes also claim that the trial court should have granted them a new trial because of numerous errors committed by the court during trial. Their first evidentiary claim of error relates to Dr. Largen's comment about Medicaid, which has already been addressed and rejected above. The Gonzalezes' second evidentiary claim is that the trial court erred in permitting one of Dr. Largen's medical experts to offer a "new opinion" which was not disclosed during pretrial discovery. However, the new opinion testimony was submitted only after the Gonzalezes introduced new opinion testimony from their expert witness during their case-in-chief. The trial court properly concluded that Dr. Largen's expert had the right to respond to that testimony.
The Gonzalezes next contend that they are entitled to receive a new trial because the trial court erred in refusing to allow them to cross examine Dr. Largen's associate, Dr. Clontz, concerning whether the doctors had previously injured any of their other patients during gallbladder surgery. However, the Gonzalezes waived their right to appellate review of this alleged error because, when the request to cross examine Dr. Clontz on this issue was denied, the Gonzalezes failed to make any proffer of his testimony. See Fravel v. Haughey, 727 So.2d 1033 (Fla. 5th DCA 1999).
The Gonzalezes further argue that the trial court erred in permitting Mr. Gonzalez's treating physicians to testify on Dr. Largen's behalf as experts on the issue of standard of care when the trial court, pre-trial, ruled that each party was limited to presenting only two witnesses on that issue. Again, the Gonzalezes failed to preserve their right to appellate review of this issue by failing to raise a contemporaneous objection during trial. See Horne v. Hudson, 772 So.2d 556 (Fla. 1st DCA 2000). The Gonzalezes' remaining claims of trial error merit neither discussion nor reversal. Finding no merit in any of the Gonzalezes' claims of error, we affirm the final judgment entered below.
AFFIRMED.
SHARP, W., and PLEUS, JJ., concur.