SHARP, W„ J.
Thomas L. Largen, M.D., et al., appellants/defendants below, appeal from the trial court’s denial of their motion to tax attorney’s fees based on an offer of settlement made pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, *636 Florida Statutes. Julio Gonzalez, et al., appellees/plaintiffs below, brought a medical malpractice case against the appellants, resulting in a jury verdict finding no liability. The trial court rendered an amended judgment in appellants’ favor and reserved jurisdiction to consider issues relating to the offer of judgment. The result in that case was recently affirmed by this court.[1] This appeal involves the denial of the appellants’ offer of judgment made in the context of the litigation below. We affirm.
The record in this case is not substantially in dispute. The complaint alleged negligence on the part of the appellants in the removal of Julio’s gallbladder and in treating complications arising thereafter, and it included a claim by Julio’s wife, Zoraida, for loss of consortium. Their children were also originally plaintiffs, asserting a loss of consortium cause of action. The case was set for the two week trial period beginning January 26, 1998. Prior to that time, appellants made a series of motions to reschedule or continue (November 21, 1997, December 8, 1997, and December 30,1997).
None of these motions was granted or acted upon prior to December 30,1997, the date appellants served an offer of settlement in the amount of $500.00, which was extended without apportionment to all of the plaintiffs below (Julio, Zoraida, and their children). The offer was rejected. Later, the children were dropped as parties. On January 28, 1998, the trial court granted appellants’ motion to reschedule and set the trial for a two week period beginning June 15, 1998. The order states “this action could not be completed within the allotted trial time for the January 26, 1998 trial docket.” The trial was thereafter reset a number of times. It finally began on May 3, 1999. The offer of settlement, however, was never renewed.
In this proceeding, the trial court ruled that the offer was invalid because it was untimely and because it was not apportioned among the respective plaintiffs. In response, appellants argue that they should not be held to the strict time requirements of rule 1.442(b) because they knew the trial could not be held during the two week trial period beginning January 26, 1998, and that the offer did not need to be apportioned among the plaintiffs because it was essentially a “nominal” offer. The latter is an interesting argument, but we do not need to reach it in this case because we agree the offer was not timely.
Rule 1.442(b) provides:
Service of Proposal. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced No proposal shall be served later than 15 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier. (emphasis supplied)
It is clear that the ■ offer was made less than the required 45 days before the date set for trial.
In Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999), the trial court denied the defendant’s motion to tax costs and for attorney’s fees based on the offer being untimely. It was made less than 45 days before the first day of the docket on which the case was set for trial. The defendant argued the offer was timely because the case did not actually go to trial until February 12, 1998. The fourth district rejected this argument and affirmed the trial court. It said:
*637 This case did not go to trial on the docket of August 18, 1997 because Ladd moved for a continuance which was granted over the objection of Schussel. Several months later when the case was reset for trial, Ladd did not renew its offer of judgment. Ladd would have us hold that the granting of the continuance breathed life back into an otherwise untimely offer of judgment. Since section 768.79 and Florida Rule of Civil Procedure 1.442 are punitive in nature in that they impose sanctions upon the losing party and are in derogation of the common law, they must be strictly construed. See TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 614 (Fla.1995); Loy v. Leone, 546 So.2d 1187, 1189 (Fla. 5th DCA 1989). Nothing in the record reflects that Ladd was prevented from making an offer of judgment much earlier in the case, even prior to the case being set for the docket of August 18, 1997, or from making an offer of judgment after having obtained the continuance.
736 So.2d at 778.
A narrow exception to the timeliness requirement has been accepted, but we do not think this case fits within it. In Liguori v. Daly, 756 So.2d 268 (Fla. 4th DCA 2000), attorney’s fees were awarded based on a rejected offer of judgment. Trial was set for a six week docket beginning March 2, 1998, extending through April 13, 1998. Both parties moved to be excused from portions of the docket on grounds of unavailability, both being unavailable during the final week. When the case was not called during the final week, April 6-13, both parties did not expect to be called for trial. On April 7, the plaintiff filed an offer of judgment. The court set trial for the four week docket beginning June 8, 1998. The trial actually took place in August of 1998.
In affirming the trial court’s award of fees, the fourth district distinguished its decision in Schussel:
We determined in Schussel that the offer of judgment filed twenty-five days before the trial docket was set to begin, was void ab initio because it did not comply with the strict requirements of rule 1.442(b); it could not be resurrected, once void. In this case, however, the proposal for settlement was not void from the beginning. It was made during the final week of the March 2, 1998 docket, at a time when the parties, having been excused from the last week of trial by court order were no longer set for trial. Unlike the offer made in Schussel, which related to a trial docket which was imminent and only twenty-five days away, the proposal in this case appears to have been directed to the next, as yet, unscheduled docket (which turned out to be sixty-two days away). Based on these particular facts, we find that the proposal for settlement was timely and enforceable.
756 So.2d at 269.
The third-district has recently affirmed an award of attorney’s fees under similar circumstances. In Progressive Casualty Ins. Co. v. Radiology and Imaging Center of South Florida, Inc., 761 So.2d 399 (Fla. 3d DCA 2000), the trial was set during a trial period beginning October 27, 1997, concluding October 31, 1997. As of October 30th the case had not been heard, and it was apparent it would not be called during that trial period. On October 30, 1997, the defendant sent the offer of judgment to the plaintiff. The case was reset for January 1998, and ultimately began September 4,1998.
The third district held the offer valid, endorsing the fourth district’s exception:
There is a single exception to this bright-line rule. If an Offer of Judg *638 ment is made at a point in time in which it appears, from the facts of the individual case, that the Offer of Judgment is not directed to the current trial period, but, rather, is intended for the next, as yet, unscheduled trial period, then in that situation, and in that situation only, the Offer of Judgment is not a nullity and is considered timely. In order to rely upon this exception, there must be some evidence in the record that both parties know that the case will not be tried during the current trial period and that the Offer of Judgment is made in anticipation of the next, as yet, unscheduled trial period. See Liguori v. Daly, 756 So.2d 268 (Fla. 4th DCA 2000). This is a very limited exception which must be strictly applied to these narrow circumstances.
761 So.2d at 400.
We distinguish the facts of this case from that narrow exception outlined by our sister courts. Here, although the defendants/appellants filed numerous motions to reschedule or to continue the trial, it is not clear that both parties knew the case would not be heard as set. The offer came on December 30, 1997, but the trial was not then set to commence until January 26, 1998, at the earliest. Further, the trial court did not enter an order rescheduling the trial until January 28,1998.
In both Liguori and Progressive, the offer was not only made during the scheduled trial period, but it was also made at a time when there was insufficient time as a practical matter remaining in the trial period to hold the trial. That is not the case here. Although the defendants/appellants argue their motions to continue were outstanding, when the offer was made, and the likelihood of success of those motions was great, we conclude it would expand the “narrow exception” devised by the third and fourth districts too greatly, and make it difficult to apply, to have it turn on one or even both parties’ speculation concerning the probable success of motions for continuance.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. See Gonzalez v. Largen, 790 So.2d 497 (Fla. 5th DCA 2001).