851 So.2d 888 (2003)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Stacy ROBINSON, Robert Robinson and Sidney Alan Zuckerman, Appellees.
Nos. 4D01-4894, 4D02-977.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
*889 Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellant.
Diego C. Asencio of Diego C. Asencio, P.A., North Palm Beach, for appellees.
TAYLOR, J.
Nationwide Mutual Fire Insurance Company (Nationwide) appeals four rulings rendered after a jury verdict for plaintiffs in this underinsured motorist case, No. 4D01-4894. In a related case, No. 4D02-977, Nationwide appeals the final judgment on attorney's fees. We sua sponte consolidate these two cases for purposes of this opinion.
The specific rulings at issue in the main appeal are (1) a second final judgment rendered after the first judgment, (2) a post-trial order vacating the dismissal of the plaintiffs' punitive damages claim, (3) an award of pre-judgment interest in the first final judgment against Nationwide, and (4) sanction orders for post-trial discovery violations. On confession of error by appellees, we reverse (1) the second final judgment rendered on December 11, 2001, which was a duplicate of the first final judgment rendered on November 19, 2001, and (2) the post-judgment order vacating the dismissal of plaintiffs' punitive damages claim. We affirm the trial court's award of prejudgment interest on the final judgments in light of Nationwide's failure to preserve this issue for review. Further, we find no error in the trial court's allowance of costs and interest taxable in excess of the UM policy limits. See Foremost Ins. Co. v. Warmuth, 649 So.2d 939 (Fla. 4th DCA 1995)(explaining that taxable costs and interest may be assessed above UM policy limits).
During post-trial discovery proceedings to determine whether the plaintiffs were entitled to attorney's fees based upon settlement proposals, the trial court held numerous hearings on charges of discovery violations by both parties. Nationwide repeatedly objected to discovery, claiming that extensive discovery on the issue of attorney's fees was unnecessary because only the timeliness of the settlement offers was in dispute and that, as a matter of law, the offers were not timely made. Nationwide maintained that the plaintiffs were misusing the discovery process as a "fishing expedition" to gain information that they could use in a subsequent bad faith claim. Plaintiffs disputed this contention, asserting that there was legitimate disagreement over the date of service of the settlement offers.
After several months of hearings on discovery violations, the trial court ultimately determined that there was "a deliberate and contumacious disregard by Nationwide of its discovery obligations" after the court had ordered discovery. The court granted the plaintiffs' motions for sanctions and entered an order striking Nationwide's opposition to the plaintiffs' motion for attorney's fees under the Offer of Judgment *890 statute. After holding a hearing on the amount of attorney's fees and costs to be awarded, the court entered a judgment against Nationwide for $444,535.01 in attorney's fees and costs. On appeal, Nationwide argues that the trial court erred in granting the plaintiffs' motions for sanctions and in refusing to consider its own motion for sanctions against the plaintiffs' counsel.
"A trial court's decision to impose sanctions involves the exercise of discretion." Tramel v. Bass, 672 So.2d 78, 82 (Fla. 1st DCA 1996)(citing Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)). As such, "the trial court must be accorded considerable latitude in dealing with serious abuses of the judicial process." Id. The reviewing court will reverse only if the trial court has abused its discretion in imposing sanctions. See id.
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), our supreme court stated:
In reviewing the true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Id. at 1203. Thereafter, in Mercer, the court decided that the abuse of discretion test adopted in Canakaris should apply to determining whether a trial court has abused its discretion in imposing such sanctions. Mercer, 443 So.2d at 946.
In this case, the record is rife with instances of Nationwide's stonewalling tactics and efforts to thwart discovery sought by plaintiffs. We thus find no abuse of discretion in the trial court's decision to impose sanctions against Nationwide for violating its discovery orders. See Precision Tune Auto Care, Inc. v. Radcliffe, 804 So.2d 1287 (Fla. 4th DCA 2002)(finding no abuse of discretion in striking franchiser's pleadings based upon continued "foot dragging" and considerable delay in producing documents and participating in deposition); J.T.R., Inc. v. El Hadri, 632 So.2d 241 (Fla. 3d DCA 1994)(holding that striking of pleadings and entry of default were within trial court's discretion where there was ample evidence that defendant willfully and contemptuously refused to comply with prior court orders requiring productions of the subject documents by giving a false story to the court concerning the whereabouts of same). Further, we find no error in the trial court's implicit decision to refrain from imposing sanctions upon the plaintiffs' counsel for his conduct during the discovery process. Again, the trial court was in the better position to decide whether counsel's conduct was sanctionable.
We now turn to the appropriateness of the sanctions imposed by the court. Although we find that the trial court acted within its discretion in sanctioning Nationwide for discovery violations, we conclude that the court erred in striking Nationwide's opposition to the plaintiffs' attorney's fees claim under the offer of judgment statute as a discovery sanction. This sanction had the effect of precluding Nationwide from arguing that the plaintiffs' demand for judgment was untimely, thereby finding the plaintiffs' entitlement to fees by default. While Florida Rule of Civil Procedure 1.380 permits the striking of "pleadings" as a discovery sanction in certain instances, it does not allow a defense to be stricken so as to validate and breathe new life into a void claim.
*891 From the beginning of post-trial proceedings, Nationwide argued that the plaintiffs' demand for judgment was served prematurely and thus did not entitle plaintiffs to an award of attorney fees under section 768.79, Florida Statutes (1997) and Florida Rule of Civil Procedure 1.442. Rule 1.442 sets forth the time periods applicable to proposals for settlement and provides, in pertinent part, that "[a] proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant." Fla. R. Civ. P. 1.442(b). In this case, it was undisputed that the demand for judgment bore a certificate of service indicating service of the demand on Nationwide within 90 days after service of the plaintiffs' complaint, contrary to rule 1.442(b). Plaintiffs, however, disputed the date that the demand was "actually" mailed and, further, advanced a theory of "constructive service" of the complaint on a date earlier than that reflected in the return of process, based on the Nationwide adjuster's knowledge that the lawsuit was forthcoming. Consequently, the trial court was persuaded that there were factual issues of timeliness that required extensive discovery.
To determine the timeliness of a proposal for settlement under rule 1.442, we look to the date set forth on the Certificate of Service of the proposal and the date noted on the return on service of process of the complaint. To do otherwise, as the plaintiffs suggest, would create uncertainty in the enforcement of the rule. There would be no end to the myriad of factual scenarios presented by litigants to demonstrate timeliness. As we discussed in Grip Development, Inc. v. Coldwell Banker Residential Real Estate, Inc., 788 So.2d 262 (Fla. 4th DCA 2000), we need "precise, strictly enforced time requirements for conveying statutory offers or demands ... to guide the bench and bar." Id. at 266. Toward that end, we must have a uniform means by which to measure the timeliness of acts constituting service of offers or demands.
We have repeatedly held that untimely offers or demands for judgment are void from their inception. See id. (holding that the plaintiff's settlement proposal served less than 90 days after service of complaint of defendant was invalid); Schussel v. Ladd Hairdressers, Inc., 736 So.2d 776 (Fla. 4th DCA 1999)(holding that proposal made within 45 days before date set for trial was void). We have also acknowledged that attorney's fee statutes and rules, including those governing proposals for settlement, are to be strictly construed. See Schussel, 736 So.2d at 777-78. In Grip Development, we noted that case law suggests that a party seeking to obtain attorney's fees has the burden of showing compliance with the rules. 788 So.2d at 266. Because the demand for judgment in this case was untimely, it was void from its inception and could not become valid at any time thereafter. See Schussel, 736 So.2d at 778. Thus, notwithstanding the trial court's finding that Nationwide's conduct during discovery warranted sanctions, an award of attorney's fees under section 768.79 was not a viable sanction.
For the reasons stated above, we affirm the trial court's order granting the plaintiffs' motion for sanctions against Nationwide, but reverse the award to plaintiffs of attorney's fees and costs under section 768.79. We remand this cause to the trial court for consideration of any alternative sanctions it may deem appropriate.
AFFIRMED in part; REVERSED in part, and REMANDED.
WARNER and SHAHOOD, JJ., concur.