887 So.2d 328 (2004)
Stacey ROBINSON, et al., Petitioners,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent.
No. SC03-1670.
Supreme Court of Florida.
October 28, 2004.
Richard A. Kupfer, West Palm Beach, FL, for Petitioner.
Hinda Klein of Conroy, Simberg, Ganon, Krevans and Abel, P.A., Hollywood, FL, for Respondent.
PER CURIAM.
We have for review Nationwide Mutual Fire Insurance Co. v. Robinson, 851 So.2d 888 (Fla. 4th DCA 2003), which expressly and directly conflicts with this Court's decision *329 in Mercer v. Raine, 443 So.2d 944 (Fla.1983). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons set out below, we quash the decision of the Fourth District, and hold that absent extraordinary circumstances, a consideration of sanctions under Mercer does not include an examination of the merits of the claim set out in the pleading or other legal filing ordered stricken by the trial court as a sanction.
This case concerns the propriety of the sanctions imposed by the trial court for discovery violations. The petitioners filed a motion for attorney's fees pursuant to the demand for judgment statute, section 768.79, Florida Statutes (1997). The respondent filed its opposition to the petitioners' claim for fees, asserting that the petitioners were not entitled to fees because their demand for judgment was served prematurely. The parties then engaged in discovery on the issue of timeliness of the demand, during which time the trial court concluded that the respondent had committed several discovery violations. The petitioners filed a motion for sanctions. The trial court thereafter sanctioned the respondent for the discovery violations by striking the respondent's opposition to the petitioners' claim for attorney's fees and awarding the petitioners attorney's fees for the entire litigation. The respondent appealed the trial court's order imposing sanctions.
On appeal, the Fourth District Court of Appeal addressed the issue of sanctions and appeared to apply the analysis of Mercer v. Raine, 443 So.2d 944 (Fla.1983). Under that analysis the court concluded that the trial court did not abuse its discretion when it imposed sanctions against the respondent for the discovery violations. Robinson, 851 So.2d at 890. However, the Fourth District then proceeded to consider the merits of the respondent's defense of timeliness of the petitioners' demand for judgment that was set out in the stricken response. Id. at 890-91. The district court ultimately reversed the trial court's order imposing sanctions, concluding that because the petitioners' demand for judgment was untimely, the sanctions were not authorized. Id.

Mercer v. Raine
Under rule 1.380(b)(2) of the Florida Rules of Civil Procedure, upon a party's failure to comply with a discovery order, the court may impose sanctions that include the striking of pleadings and entering a default, prohibiting the introduction of evidence, and refusing to allow the presentation of a claim or defense. In Mercer, this Court stated that because of the severity of these sanctions, they should be employed only in extreme circumstances where the record demonstrates a party's deliberate and contumacious disregard of the trial court's authority, bad faith, or willful disregard to a trial court's order, or conduct which evinces deliberate callousness. 443 So.2d at 946; see also Hetherington v. Donner, 786 So.2d 9, 11 (Fla. 3d DCA 2001); Harrell v. Mayberry, 754 So.2d 742, 744-45 (Fla. 2d DCA 2000); Amlan, Inc. v. Detroit Diesel Corp., 651 So.2d 701, 703 (Fla. 4th DCA 1995).
In this case, the issue presented to the Fourth District was the propriety of the sanctions imposed against the respondent for discovery violations committed while litigating the issue of timeliness of the petitioners' demand for judgment. However, the district court did not limit itself to a consideration of the standard set forth in Mercer to determine the propriety of the sanctions imposed. Rather, the district court addressed the merits of the respondent's response that the petitioners' claim for attorney's fees was untimely even though that response had been stricken by the trial court. The analysis under Mercer *330 would not ordinarily include a consideration of the merits of an issue raised in a filing once there has been a determination that the trial court did not abuse its discretion in imposing the sanction of striking the filing. Hence, we conclude that the district court erred in considering the merits of the respondent's position after concluding that there was no error in striking the filing that raised the issue of timeliness.
We would ordinarily simply quash the district court decision for going beyond the Mercer factors and direct a result in accord with Mercer. However, because we are unsure of whether the district court properly considered the Mercer factors in light of its discussion of the merits of the stricken filing, we remand to give the district court another opportunity to consider this issue.
Accordingly, for the reasons stated above, we quash the Fourth District's decision below and remand this case for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, and QUINCE, JJ., concur.
WELLS, J., dissents with an opinion, in which CANTERO and BELL, JJ., concur.
WELLS, J., dissenting.
I dissent because there is no conflict between the Fourth District's opinion in the present case and this Court's decision in Mercer v. Raine, 443 So.2d 944 (Fla.1983).
In Mercer, this Court approved the trial court's authority pursuant to Florida Rule of Civil Procedure 1.380 to sanction parties for the failure to comply with discovery orders, including the sanction of the striking of pleadings or the entry of a default judgment for noncompliance, and held that the standard of appellate review as to imposed sanctions would be the abuse of discretion.
In the present case, the Fourth District expressly acknowledged this Court's decision in Mercer, the authority of the trial court, and the standard of review. The Fourth District found that the trial court was within its discretion in sanctioning Nationwide.
However, the Fourth District went further and decided an issue which was not decided by this Court in Mercer. The Fourth District held:
While Florida Rule of Civil Procedure 1.380 permits the striking of "pleadings" as a discovery sanction in certain instances, it does not allow a defense to be stricken so as to validate and breathe new life into a void claim.
851 So.2d at 890. That holding is plainly not in conflict with Mercer since Mercer did not decide that issue.
CANTERO and BELL, JJ., concur.