DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT B. MEYROWITZ,**
Appellant,

v.

**ANDREW M. SCHWARTZ, P.A.,**
Appellee.

No. 4D17-1983

[February 28, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward Garrison, Acting Judge; L.T. Case No. 50-2016-CA-008984-XXXX-MB.

Michael D. Moccia of Law Office of Michael D. Moccia, P.A., Boca Raton, for appellant.

Andrew M. Schwartz of Andrew M. Schwartz, P.A., Boca Raton, for appellee.

LEVINE, J.

Scott Meyrowitz appeals a final judgment awarding attorney's fees in favor of Andrew M. Schwartz, P.A. ("the firm") pursuant to the offer of judgment rule. Meyrowitz argues that the proposal for settlement was untimely under 1.442(b). We agree and therefore reverse.

The firm filed an action against Meyrowitz for $49,121.07 in unpaid legal bills. The clerk entered a default against Meyrowitz for failure to file any pleading. On December 1, 2016, Judge Colin entered an order setting the case for a non-jury trial on the eight week trial calendar beginning March 20 and ending May 12, 2017. On March 1, Judge Garrison entered an order setting the case for non-jury trial before him on May 2. The order stated that the case "came before the Court upon referral by Judge David French regarding Plaintiff's Notice for Trial." The order directed that any motions prior to trial be set before Judge French.

On March 3, the firm served a proposal for settlement on Meyrowitz, offering to settle the case for $38,500. Meyrowitz did not accept the

proposal. After trial, Judge Garrison entered a judgment in favor of the firm for $49,121.07, the amount sought in the complaint. Based on the judgment, the firm filed a motion for attorney's fees pursuant to its proposal for settlement. Meyrowitz objected on the grounds that the proposal for settlement was not timely served pursuant to rule 1.442(b). The trial court found that the service of the motion complied with rule 1.442 and entered an order awarding the firm $24,825 in attorney's fees.

On appeal, Meyrowitz argues that the proposal for settlement was not timely because it was served later than forty-five days before the first day of the docket on which the case was set for trial. The firm responds that affirmance is warranted because the proposal was served two days after an order removing the case from Judge French's trial calendar and reassigning it to Judge Garrison for a special set trial.

A de novo standard of review applies in determining whether a proposal for settlement complies with rule 1.442. *Regions Bank v. Rhodes*, 126 So. 3d 1259, 1260 (Fla. 4th DCA 2013).

Florida Rule of Civil Procedure 1.442(b) states that "[n]o proposal [for settlement] shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier." Rule 1.442 must be strictly construed because it is punitive in nature in that it imposes sanctions upon the losing party and is in derogation of the common law. *Schussel v. Ladd Hairdressers, Inc.*, 736 So. 2d 776, 778 (Fla. 4th DCA 1999). Additionally, the rule must be construed in accordance with the principles of statutory construction. *R.T.G. Furniture Corp. v. Coates*, 93 So. 3d 1151, 1153 (Fla. 4th DCA 2012). As this court has explained:

> When the language at issue is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. Rather, the court must give unambiguous language its plain and ordinary meaning, unless it leads to a result that is either unreasonable or clearly contrary to legislative intent.

*Id.* (citation omitted).

As stated above, rule 1.442 requires service more than "45 days before the date set for trial **or** the first day of the docket on which the case is set for trial, **whichever is earlier**." (emphasis added). In this case, forty-five days before the first day of the docket was earlier than forty-five days

before the date set for trial. Forty-five days before the May 2 trial was March 18. However, forty-five days before the first day of the March 20 docket was February 3. Because February 3 is the earlier and thus the operative date, the March 3 proposal was untimely because it was served after this date.

The firm argues that *Liguori v. Daly*, 756 So. 2d 268 (Fla. 4th DCA 2000), supports the trial court's ruling. In *Liguori*, the court set the case for trial on a six-week docket. The case was not called for trial during the first five weeks, and parties had been excused from the final week (April 6 through 13) by court order. Appellee filed a proposal for settlement during the last week on April 7. Subsequently, trial was reset on other dockets, and the case went to trial on August 24. This court recognized that "an offer of judgment is untimely, and, thus, unenforceable, when it is made less than forty-five days before the first day of the docket on which the case is initially set for trial, regardless of when the case actually goes to trial." *Id.* at 269. Nevertheless, this court found the proposal timely and enforceable because it was "directed to the next, as yet, unscheduled docket." *Id.*

Citing *Liguori*, the court in *Progressive Casualty Insurance Co. v. Radiology & Imaging Center of South Florida, Inc.*, 761 So. 2d 399, 400 (Fla. 3d DCA 2000), stated:

> If an Offer of Judgment is made at a point in time in which it appears, from the facts of the individual case, that the Offer of Judgment is not directed to the current trial period, but, rather, is intended for the next, as yet, unscheduled trial period, then in that situation, and in that situation only, the Offer of Judgment is not a nullity and is considered timely. In order to rely upon this exception, there must be some evidence in the record that both parties know that the case will not be tried during the current trial period and that the Offer of Judgment is made in anticipation of the next, as yet, unscheduled trial period.

The *Progressive Casualty* court concluded that "[t]his is a very limited exception which must be strictly applied to these narrow circumstances." *Id.*

Contrary to the firm's assertion, the exception carved out in *Liguori* does not apply in this case. Unlike in *Liguori*, here the case went to trial during the initially set docket. The case was set for trial on the eight-week trial calendar beginning March 20 and ending May 12. The case actually went

to trial on May 2.

Further, in *Liguori* the proposal was served during the last week of the docket when the case could not have gone to trial because the parties had been previously excused. Thus, the proposal was made in anticipation of the "next, as yet, unscheduled docket." *Liguori*, 756 So. 2d at 269. Here, in contrast, the proposal was made two days after the order which scheduled trial for a date during the originally scheduled docket. Thus, the proposal was "directed to the current trial period," not the "next, as yet, unscheduled trial period." *Progressive Cas.*, 761 So. 2d at 400 (citing *Liguori*, 756 So. 2d at 269).

The fact that the case was ultimately heard by Judge Garrison instead of Judge French does not render the proposal for settlement timely. *See Liguori*, 756 So. 2d at 269 (stating that a continuance cannot "breathe[] life back into an otherwise untimely offer of judgment") (quoting *Schussel*, 736 So. 2d at 778). The order setting the case for the trial docket did not specify which judge would be presiding. Further, rule 1.442(b) speaks to dockets generally and does not address dockets before specific judges. The rule is concerned with the timing of a proposal for settlement, not with the specific judge who ultimately presides over a trial. Which particular judge ultimately presides over the trial does not have any bearing on the timeliness of a proposal.

In sum, the proposal for settlement was untimely. The case was scheduled for trial during an eight-week calendar, and the trial occurred during that calendar. Although the proposal was served more than forty-five days before the date set for trial, it was not served more than forty-five days before the first date of the docket as required under rule 1.442(b). As such, we reverse.

*Reversed.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4