NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SERENITY HARPER,                    )
                                    )
           Appellant,               )
                                    )
v.                                  )          Case No. 2D18-2004
                                    )
GEICO GENERAL INSURANCE             )
COMPANY,                            )
                                    )
           Appellee.                )
_____ )

Opinion filed January 25, 2019.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

David M. Caldevilla of de la Parte & Gilbert,
P.A., Tampa; and J. Daniel Clark of Clark &
Martino, P.A., Tampa, for Appellant.

Joshua J. Hartley, B. Richard Young, and
Jordan M. Thompson of Young, Bill, Boles,
Palmer & Duke, P.A., Tampa, for Appellee.


VILLANTI, Judge.


          Serenity Harper appeals the "final judgment" entered by the trial court on

April 2, 2018, in favor of her insurer, GEICO General Insurance Company. Because the

April 2 judgment is duplicative of a final judgment that the court had previously entered

on November 14, 2017, we reverse the duplicative April 2 judgment and remand for the trial court to strike it from the record.

The facts here are not complicated. The trial court entered an order on November 14 that not only granted summary judgment in favor of GEICO, but also provided that "[s]ummary [j]udgment is hereby entered in favor of Defendant, Geico General Insurance Company." Harper filed a timely notice of appeal to this court as to that judgment, which resulted in the companion case pending before this court in case number 2D17-4987.

Despite the clear language of finality contained in the November 14 order, GEICO subsequently filed a motion asking the trial court to enter a "final judgment." While the appeal was pending in case 2D17-4987, the trial court held a hearing; determined that because the November 14 order was not titled a "final judgment" it was not really final; and entered a second judgment over Harper's objections that the court had no jurisdiction to enter the second judgment and that such was unnecessary because the November 14 judgment was sufficiently final. This second "final judgment" was rendered April 2, 2018. In an abundance of caution, Harper filed a notice of appeal from that judgment as well, which is the judgment on appeal in this case.

Faced with these two appeals, Harper filed a motion in this court in case 2D17-4987, asking this court to determine whether the language in the November 14 order was sufficiently final to support jurisdiction over the appeal. On May 17, 2018, this court issued an order providing that the language in that order contained "sufficient words of finality" and that this court would review that order on its merits.

Harper subsequently filed a motion in the trial court asking it to vacate the April 2 "final judgment" as being improper and duplicative. The trial court apparently never ruled on that motion. Thus, at this juncture, the record in the trial court contains two final judgments—one rendered November 14, 2017, and a second rendered April 2, 2018—each providing the identical relief.

Given this court's determination that the November 14 order contained sufficient words of finality to constitute a final appealable judgment, the April 2 "final judgment" is improper and duplicative. Hence, we reverse the second "final judgment" entered April 2, 2018, and remand with directions to strike it on remand. See, e.g., Diecidue v. Lewis, 223 So. 3d 1015, 1019 (Fla. 2d DCA 2017) (directing the trial court to strike a second duplicative judgment from the record); Sound Builders of St. Petersburg, Inc. v. Hanlon, 439 So. 2d 276 (Fla. 2d DCA 1983) (striking the latter judgment when duplicative final judgments were entered in one case); Willens v. Willens, 225 So. 3d 1017 (Fla. 1st DCA 2017) (directing the trial court to strike a duplicate final judgment that had been inadvertently entered); Nationwide Mut. Fire Ins. Co. v. Robinson, 851 So. 2d 888, 889 (Fla. 4th DCA 2003) (reversing second final judgment entered that was a duplicate of the first), reversed on other grounds, 887 So. 2d 328 (Fla. 2004). This leaves the parties with the final judgment entered on November 14, 2017.

Reversed and remanded with directions.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.