443 So.2d 944 (1983)
Leonard J. MERCER, Jr., Etc., Petitioner,
v.
J.D. RAINE, Sr., et al., Respondents.
No. 61963.
Supreme Court of Florida.
July 28, 1983.
Rehearing Denied February 9, 1984.
Joel L. Kirschbaum of Esler & Kirschbaum, Fort Lauderdale, for petitioner.
Douglas K. Silvis and Robert A. Ware, of English, McCaughan & O'Bryan, Fort Lauderale, for respondents.
ADKINS, Justice.
This cause is before us on petition to review the decision of the District Court of Appeal, Fourth District, in Mercer v. Raine, 410 So.2d 931 (Fla. 4th DCA 1981). The decision conflicts with Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner, defendant below, seeks review of the district court's decision which affirmed the trial court's order granting *945 sanctions against the defendant for violations of discovery rules. We also affirm.
The plaintiffs below filed their complaint against the defendant on September 14, 1979, seeking both compensatory and punitive damages resulting from an alleged breach of contract for the sale of a hotel. Plaintiffs initiated discovery by including a request for admissions and a request to produce in their service upon the defendant along with the complaint. On September 24, 1979, plaintiffs sent their first set of interrogatories to the defendant. Defendant responded to their discovery by: 1) filing a motion to dismiss on September 26, 1979; 2) filing a motion for extension of time to respond to plaintiffs' requests to produce and for admissions on September 27, 1979; and 3) filing an objection to the interrogatories on October 2, 1979, on the ground that the defendant should not have to respond until after a hearing on the motion to dismiss.
On November 27, 1979, the trial court entered an order denying the defendant's motion to dismiss and requiring the defendant to respond to all pending discovery within twenty days. A few days later the defendant filed his answer. He failed, however, to comply with the order as to discovery, to request an extension of time, or to communicate with the court concerning any mitigating circumstances within the twenty days granted by the court.
On December 26, 1979, plaintiffs filed a motion to strike affirmative defenses and followed that with a motion for sanctions on January 14, 1980. On January 11, the defendant's counsel filed a motion to withdraw, citing as grounds, in addition to non-payment, other conduct by his client rendering representation unreasonably difficult, including the defendant's failure to assist counsel in responding to discovery. Plaintiff's pending motions and the motion to withdraw were all heard on February 7, 1979. The court granted the defendant's lawyer leave to withdraw from the case and also granted the plaintiffs' motion for sanctions. The trial court, in granting plaintiffs' motion, struck the defendant's answer, entered a default judgment against the defendant, and ordered the defendant to pay the plaintiff's costs and fees occasioned by his refusal to comply with the court's order.
There is no question that the defendant failed to timely comply with the requirements of the trial court's order. The defendant does not contend that the trial court was without authority to enter some sanction against him for his failure to timely comply with plaintiff's discovery requests and the court's order. However, the defendant contends that the court abused its discretion in entering the particular sanctions it did without affording the defendant an opportunity to cure the violation by compliance and in the absence of a finding by the court that the noncompliance was willful or that plaintiffs suffered any undue prejudice due to the defendant's noncompliance.
We cannot agree with defendant's contentions. The brief per curiam opinion of the district court affirmed the trial court based upon a rule of law announced by this Court in 1972 in Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972). In Farish, the trial court had granted the plaintiff's motion for summary judgment on the ground that the defendant's answers to a request for admissions were not properly filed. On appeal the district court reversed and remanded the cause to permit the filing of properly executed answers. We reversed the district court of appeal on writ of certiorari. In Farish, this Court stated:
The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper application of procedural rules. In the absence of facts showing an abuse of that discretion, the trial court's decision excusing, or refusing to excuse, noncompliance with rules ... must be affirmed... . It is the duty of the trial court, and not the appellate courts, to make that determination.
Id. at 327-28. This same rule of law has been stated and followed by the United *946 States Supreme Court. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Thus, to justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.
This Court has spoken of the scope of this discretionary power granted to the trial court. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we stated:
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Id. at 1203. This test should apply to the discretionary power of the trial court to grant sanctions. As we noted in Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980), which dealt with discretionary power to grant or deny a new trial, the trial judge is granted this discretionary power because it is impossible to establish a rule of law for every conceivable situation which could arise in the course of a trial. Likewise, it is impossible to establish rules for every possible sequence of events and types of violations that may ensue in the discovery process.
While it is possible that reasonable men would differ with the decision and sanctions imposed by the trial judge here, the record contains a logical basis for the exercise of his discretion. The trial court expressly found at the hearing on the motion for sanctions that the defendant "knew what was going on" and had "total disregard for the consequences" of the pending action. Such facts would support an interpretation that his noncompliance was willful. See, e.g., Johnson v. Allstate Insurance Co., 410 So.2d 978 (Fla. 5th DCA 1982).
Florida Rule of Civil Procedure 1.380 clearly authorizes the sanctions imposed by the trial court for the defendant's failure to comply with the court's order. The purpose of the rules of civil procedure is to promote the orderly movement of litigation. Admittedly, the sanctions imposed here are severe. We cannot say that they are inappropriate, however, in light of the evidence. There was no showing that the defendant either attempted to comply with the discovery order or communicated any explanation or excuse to the court by the time the plaintiffs' motion was heard. Cf., Herold v. Computer Components International, Inc., 252 So.2d 576, 581 (Fla. 4th DCA 1971). Nor is this a case where the record was devoid of any evidence reflecting willful disregard of an order of court, Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971); Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978), or where the sanction is in effect punishing the litigant too severely for an act or failure on the part of his counsel. Beasley v. Girten, 61 So.2d 179 (Fla. 1952); Goldman v. Tabor, 239 So.2d 529 (Fla. 2d DCA 1970).
We agree that the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978). A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness, Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). In Santuoso, the Third District Court of Appeal reversed the trial court because the *947 order entering default against the defendants for failing to comply with discovery did not recite that Santuoso's failure to submit to discovery was willful. 385 So.2d at 114. In the instant case the trial court found that the defendant's actions amounted to willful disregard. Accordingly, we approve the decision of the District Court of Appeal.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents.