# BILBEISI v FIELDER, etc.

## Case No. CL 87-4496 AJ

Fifteenth Judicial Circuit, Palm Beach County

January 17, 1991

### APPEARANCES OF COUNSEL

**James F. Dougherty, II, Esquire,** for defendant.

**Ronald Sales, Esquire,** for defendant.

**Arthur C. Koski, Esquire,** for plaintiff.

**Postma, Gass & Petersen,** for plaintiff.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

### *ORDER OF DISMISSAL AND FINAL JUDGMENT*

This case came before the court on November 7, 21 and December

13, 1990 on Fielder's motion for sanctions and Bilbeisi's motion for voluntary dismissal.

Fielder seeks entry of an order of default on his counterclaim as a result of Bilbeisi's failure to comply with several discovery orders requiring him to appear for deposition in West Palm Beach, Florida.

The court has reviewed the court file, legal memoranda, portions of transcripts, and testimony from Munther Bilbeisi, Eugene J. Wolter, Jr., a female investigator, Theodore Sorg, James J. Dougherty, II and Louis Altemar. The court finds as follows:

1. On March 16, 1990, the court granted Fielder's motion to compel Bilbeisi to appear for deposition; the court reserved ruling on Fielder's motion for sanctions for Bilbeisi's failure to appear pursuant to notice.

2. On May 2, 1990, following Bilbeisi's failure to produce requested documents, the court ordered him to submit to deposition.

3. On June 15, 1990, after Bilbeisi refused to produce the documents prior to deposition, the court granted Fielder's motion to compel.

4. After Bilbeisi refused to produce documents prior to deposition, Fielder again moved to require Bilbeisi to submit to deposition. On August 21, 1990, the court entered an agreed order stating "that the Plaintiff shall sit for his deposition in Palm Beach County after August 31, 1990 at a mutually convenient time and if the lawyers are unable to work out that time, either side may apply to the Court to fix the date."

5. On September 18, 1990, the court granted Fielder's fourth motion for sanctions. The court ordered Bilbeisi to provide "a detailed response or the Plaintiff's pleadings will be stricken and a default will be entered against the Plaintiff."

6. On September 26, 1990, the court denied Bilbeisi's third motion for protective order regarding his deposition.

7. On October 5, 1990, Bilbeisi asserted that he was unable to travel from Jordan to the United States because of the mid-East crisis, and moved the court to permit his deposition by telephone. The court denied Bilbeisi's motion. Counsel for defendant tendered a pre-paid, round-trip ticket from Amman, Jordan to Miami, Florida for the time in question. The court ordered Bilbeisi to appear for deposition on October 17, 1990.

8. On October 10, 1990, counsel re-noticed Bilbeisi's deposition for October 30, 1990 due to trial conflicts with the October 17th date. This was defendant's *tenth* re-notice of Bilbeisi's deposition since the remand of this case from the United States District Court for the Southern

District of Florida on December 7, 1989. Bilbeisi refused to appear on October 30, 1990 for deposition.

9. On October 30, 1990, Fielder filed an emergency motion for sanctions and for dismissal pursuant to Fla.R.Civ.P. 1.380 and 1.420. In response, Bilbeisi claimed for the first time that a medical problem required him to remain in Jordan.

10. On October 30, 1990, at the emergency hearing on Fielder's motion for sanctions and dismissal, counsel for plaintiff admitted that Bilbeisi was able to fly to London from Jordan despite his illness and only days after representing to the court that he could not travel to the United States due to the mid-East conflict.

11. On November 7, 1990, Bilbeisi stated that he was physically unable to appear for deposition because his medical condition was very precarious.

12. At the evidentiary hearing on Fielder's motion for sanctions, Bilbeisi testified by telephone from Jordan. He stated that at no time during the months of October or November, 1990, including specifically the week of November 11, 1990, had he been able to go to his office, drive a car, or do any work for any reason because of his medical condition. He testified that he was only able to leave his home to "go between doctors and laboratories . . . mostly every day . . . between 8 and 9 o'clock in the morning." His illness required him to use a driver because he was physically unable to drive; he could not be away from a bathroom for more than fifteen to twenty minutes. In addition to driving, his condition prevented him from engaging in any physical exercise and required him to eat all of his meals at home. He was not allowed to be in a car more than fifteen to twenty minutes because of his prostate problem, and was physically unable to travel to the United States to give his deposition.

13. Bilbeisi failed to present competent medical testimony regarding his inability to appear for deposition in the United States as ordered by the court.

14. Fielder presented testimony of a former United States government agent who placed Mr. Bilbeisi under surveillance in Amman, Jordan during the week of November 12-17, 1990. She observed Bilbeisi drive himself to his office at the Jordanian National Car Trading Company in Tarbabor at least twice during the week. She observed Bilbeisi leave his house daily and never saw him go to a hospital or laboratory. He was observed away from bathrooms in excess of twenty minutes; he remained for hours at work, climbed stairs, went to a restaurant, and directed an oil delivery at home.

15. Fielder presented testimony of two long-time associates of Bilbeisi, Theodore F. Sorg and Louis Altemar. Sorg, a former yacht captain for Bilbeisi, testified that he was threatened by Bilbeisi to testify falsely in support of this insurance claim and that he participated with Bilbeisi in arms deals. Altemar, Bilbeisi's former chauffeur and bodyguard, testified that Bilbeisi is an arms dealer who tried to sell 18 S-76A helicopters, a squadron of jet fighters, and general purpose bombs to Guatemala and intended for Jordan. Altemar testified that Bilbeisi tried to procure his participation in insurance fraud.

16. Resolution of the conflicts in testimony rests upon the court's evaluation of the credibility of the witnesses. In weighing the credibility of a witness, and the weight to be given his/her testimony, the court must consider the criteria outlined in the standard jury instruction: the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; the interest, if any, the witness has in the outcome of the case; the means and opportunity the witness had to know the facts about which he/she testified; the ability of the witness to remember the matters about which he/she testified, and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of experience and common sense. Utilizing these criteria, the court finds the testimony of Bilbeisi to be unworthy of belief. The court finds that Bilbeisi's testimony of his inability to travel because of his medical condition is an outright falsehood.

17. This case was filed on May 15, 1987. It is seriously past Supreme Court time standards for case disposition. The case contains a jury demand and is not set for trial; the earliest available trial date, should the case be at issue, is March 1992. The discovery requested by Fielder including Bilbeisi's deposition go to the heart of Fielder's defense and counterclaim that Bilbeisi misrepresented himself at the time of the application for insurance was submitted. Fielder claims that Bilbeisi is not an investor as he stated on the application, but is an arms and military weapons dealer; had Fielder known Bilbeisi's true occupation, Fielder asserts that he would have denied his application. Bilbeisi has defied the court orders of this court (in addition to those of the U.S. District Court) to produce documents and to be deposed. Bilbeisi's unwillingness to sit for his deposition has been amply documented. Bilbeisi's deposition was noticed *seven times* in the federal action prior to remand and *ten times* since. Bilbeisi's failure to comply with the court orders is inexcusable defiance, and his lies exhibit an arrogance toward court process and the pursuit of justice. The court finds that Bilbeisi's violation of court orders and the discovery process is the most eggregious[sic] exhibited in this civil division in seven years.

18. There is no doubt that Bilbeisi's affidavit and testimony are false regarding his identity as an arms dealer. The defendant has proven beyond a reasonable doubt that plaintiff is an arms dealer.

19. To permit Bilbeisi to take a voluntary dismissal of this action merely to pursue it anew in another jurisdiction would be an abuse of our system of justice. Bilbeisi seeks affirmative relief in pursuit of a multi-million dollar insurance claim that Fielder claims to be fraudulent. Substantial attorney's fees and costs have been expended by Fielder to defend the claim and to seek recission of the contract of insurance. This court has never in seven years stricken pleadings or entered a default for non-compliance with an order compelling discovery. Bilbeisi's deliberate, contumacious disregard of this court's authority, his bad faith, willful disregard, and gross indifference to court discovery orders evince his deliberate callousness that justifies, and mandates, this severest of sanctions.

20. The court finds that Bilbeisi's failure to comply with discovery as ordered by the court on numerous occasions and his false testimony attempting to excuse his non-appearance evidence a consistent pattern of repeated, continuous, willful, and systematic contempt for the authority of the court. The court is well-aware of the strict requirements articulated in *Commonwealth Federal Savings and Loan Association v Tubero*, F.L.W. S595 (Fla. Nov. 15, 1990); *Mercer v Raine*, 443 So.2d 944 (Fla. 1983); *Championship Wrestling from Florida, Inc. v DeBlasio*, 597 So.2d 1274 (Fla. 4th DCA), *review denied*, 518 So.2d 1274 (Fla. 1987). The court is amply satisfied that the standard has been met.

It is thereupon ORDERED AND ADJUDGED as follows:

1. Bilbeisi's motion to file a voluntary dismissal pursuant to Fla.R.Civ.P. 1.420(1)(b) of his complaint without prejudice is hereby granted subject to the court's reservation of jurisdiction to assess attorney's fees and court costs against Bilbeisi and his former counsel Postma, Gass and Petersen, as set forth in prior court orders.

2. Bilbeisi's motion to dismiss the counterclaim of the defendant, Richard Warwick Fielder, as a result of plaintiff's filing of voluntary dismissal is hereby denied.

3. Fielder's motion for sanctions pursuant to Fla.R.Civ.P. 1.380 and 1.420 is granted. Bilbeisi's pleadings are hereby stricken.

4. A default pursuant to Fla.R.Civ.P. 1.380(b) is entered in favor of Fielder against Bilbeisi on the counterclaim of June 15, 1987. Counsel shall attend a non-jury trial on Friday, January 25, 1991 at 10:00 a.m.

before John Thomas Johnson in Room 308-I on the counterclaim and on the amount of fees and costs assessed against Bilbeisi and his counsel under prior court orders. One day has been reserved for this trial.

The court retains jurisdiction of the parties and the subject matter to enter any further orders as may be necessary.

DONE AND ORDERED this 17th day of January, 1991 in chambers at West Palm Beach, Palm Beach County, Florida.