*263
ON MOTION FOR REHEARING

TAYLOR, J.
We grant the motion for rehearing, withdraw our previous opinion on remand, and substitute the following in its place.
In Robinson v. Nationwide Mutual Fire Ins. Co., 887 So.2d 328 (Fla.2004), the Florida Supreme Court quashed our decision in Nationwide Mutual Fire Ins. Co. v. Robinson, 851 So.2d 888 (Fla. 4th DCA 2003), wherein we reversed the trial court’s imposition of sanctions against Nationwide for discovery violations. The trial court sanctioned Nationwide by striking its pleading in opposition to the plaintiffs’ claim for attorney’s fees and awarding fees to the plaintiffs. Having reconsidered this matter on remand pursuant to the supreme court’s instructions, we now affirm in part and reverse in part.
Briefly, the proceedings below were as follows. After obtaining a favorable jury verdict against Nationwide Mutual Fire Insurance Company (Nationwide), plaintiffs Stacey and Robert Robinson filed a motion for attorney’s fees pursuant to the demand for judgment statute, section 768.79, Florida Statutes (1997). The parties engaged in post-trial discovery related to the timeliness of the Robinsons’ demand for judgment. Over several months, the trial court held hearings on discovery violations and entered numerous orders directing Nationwide to comply with discovery demands. Ultimately, the court sanctioned Nationwide by striking its opposition to the Robinsons’ claim for attorney’s fees and awarding the Robinsons attorney’s fees for the entire litigation.
On appeal, we concluded that the trial court acted within its discretion in imposing sanctions against Nationwide for the discovery violations, but that the sanction imposed was not authorized because the demand for judgment was void from the beginning and could not later become valid. On review, the Supreme Court held that we erred in addressing the merits of Nationwide’s position on the timeliness of the demand for judgment when considering the propriety of sanctions for the discovery violations. The court remanded this matter to us to reconsider the issue, this time limiting our analysis to the factors set forth in Mercer v. Raine, 443 So.2d 944 (Fla.1983).
We have done so and conclude, as before, that the trial court did not abuse its discretion in sanctioning Nationwide for discovery violations. The trial court found that Nationwide repeatedly refused to comply with discovery and willfully employed delaying tactics. It expressly ruled that there was “a deliberate and contumacious disregard by Nationwide of its discovery obligations.” This finding by the trial court, which is supported by the record, justifies the sanction imposed. See Mercer, 443 So.2d at 946 (holding that a deliberate and contumacious disregard of the court’s authority will justify the striking of pleadings or entering a default for noncompliance with an order compelling discovery).
However, because application of a 2.5 multiplier to the fee award was not appropriate in this settlement proposal case, under Sarkis v. Allstate Insurance Co., 863 So.2d 210 (Fla.2003), or as a sanction for discovery violations, we reverse and remand to the trial court to reduce the amount of attorneys’ fees awarded by the amount of the multiplier. We affirm the trial court’s judgment for attorney’s fees and costs in all other respects.
Affirmed in part; reversed in part, and remanded with instructions.
WARNER and SHAHOOD, JJ., concur.