985 So.2d 675 (2008)
Lisa KAYE, Appellant,
v.
STATE FARM MUTUAL AUTO INSURANCE COMPANY, Appellee.
No. 4D07-6.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
*676 Roy D. Wasson and Annabel C. Majewski of Wasson & Associates, Chartered, Miami, and Millard C. Glancy, Coral Springs, for appellant.
Neil Rose of Bernstein, Chackman, Liss & Rose, Hollywood, for appellee.
POLEN, J.
Appellant, Lisa Kaye, timely appeals the trial court's exclusion of her accident reconstruction expert witness below. We reverse and remand with directions to conduct a new trial allowing Kaye to call her expert witness.
In 2002, Kaye was injured in an automobile accident when her vehicle was struck from behind by a truck driven by an employee of the city of Fort Lauderdale. Kaye filed a complaint against the city and her insurer, State Farm Insurance Company. Kaye later dropped the city from the complaint and brought an action against State Farm for declaratory judgment and a claim for uninsured motorist benefits.
Kaye added an accident reconstruction expert, Richard Swope, to her witness list in December 2005. In January 2006, State Farm filed a notice of taking Swope's deposition duces tecum in order to procure a copy of his file and records. The deposition was set for January 25, 2006, but neither Swope nor Kaye appeared. State Farm obtained a certificate of non-appearance for Swope's and/or his records custodian's failure to appear. In February 2006, Kaye's counsel informed State Farm that Swope had not received the earlier notice of deposition and that any failure to provide State Farm with Swope's report or file was due to Swope's own failure to give those items to Kaye's counsel.
State Farm personally served Swope with notice of deposition duces tecum for March 6, 2006. On March 3, Kaye's counsel contacted State Farm and informed them that Swope would be unable to attend the deposition because he was testifying in another trial on March 6. State Farm filed a motion to strike Swope as a witness. On March 15, the trial court ordered Kaye's counsel to provide a final report and a copy of Swope's files to State Farm within fifteen days and to appear for a deposition within thirty days. State Farm filed a notice setting the deposition for April 13, and then filed a second notice setting the deposition for April 7.
*677 On March 30, 2006 State Farm filed a second motion to strike Swope as a witness alleging he had violated the court's order by failing to produce his report and files. State Farm argued they would be unable to take Swope's deposition on April 7 without these items. At the April 6 hearing on State Farm's motion to strike, Kaye's counsel informed the court that Swope's file had been at their office since March 28 and that they had advised State Farm of its availability. Kaye's counsel also stated that Swope had not yet written a report. The trial court granted the motion striking Swope as plaintiff's witness.
As of the April 6, 2006 hearing on the motion to strike, trial was set for June 12, 2006. Swope's report was prepared on April 8, and it was made available to State Farm on April 11. Kaye filed a motion for rehearing claiming that no willful, deliberate, or contumacious disregard of the court's authority was shown, that any prejudice to the defendant was now moot, and that the sanction of striking her key liability witness was not commensurate with the alleged violation. The trial court denied Kaye's motion for rehearing.
Trial did not actually take place until September 25, 2006. At trial, Kaye was the only witness for her case. The jury returned a verdict for State Farm. Kaye made a motion for a new trial based on the exclusion of Swope's testimony and the trial court denied the motion.
Kaye argues the trial court abused its discretion in striking Swope as her expert witness. State Farm counters that the trial court's strike was proper given the repeated discovery violations and violation of a court order. We hold that striking Kaye's only witness other than herself and her sole expert witness was an abuse of discretion.
Florida Rule of Civil Procedure 1.380(b)(2) provides for the exclusion of a witness's testimony as a sanction for non-compliance with a court's discovery orders. Still, striking a witness "is a drastic remedy which should be utilized only under the most compelling circumstances." Griefer v. DiPietro, 708 So.2d 666, 670 (Fla. 4th DCA 1998). "This is particularly so when the exclusion would be of a party's most important witness." Keller Indust. v. Volk, 657 So.2d 1200, 1203 (Fla. 4th DCA 1995). Because the imposition of sanctions by the trial court involves the exercise of discretion, we review a court's order striking a witness using the reasonableness test adopted in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). This test holds that the appellant must show clear error by the trial court in its interpretation of the facts and the use of its judgment. Canakaris, 382 So.2d at 1203 (Fla.1980).
In the present case, the circumstances of the discovery violations were not sufficiently compelling to justify striking Kaye's most important witness. As prescribed by the court's March 15 order, Swope provided his files to Kaye's counsel within fifteen days and scheduled his deposition within thirty days. Though Swope did not create a report within the allotted fifteen days, the court struck him as a witness before he could even be deposed. By entering its April 6 order striking Swope as a witness, the trial court did not even allow the witness the full thirty days to be deposed as provided in its March 15 order. Thus, the trial court abused its discretion.
Finally, State Farm did not stand to suffer any prejudice. There was ample time between the trial court's April 6, 2006 *678 order striking Kaye's expert witness and the then trial date of June 12, 2006[1] so that any possible prejudice to State Farm could have been cured. In Griefer, we held that the trial court abused its discretion by excluding the testimony of an expert witness where answers to interrogatories were served at the hearing on the motion to strike twenty-one days before trial and the expert's deposition was scheduled for fifteen days before trial. 708 So.2d at 668-70. Because the opposing party was aware of the subject matter of the expert's testimony several weeks before trial and had their own expert witnesses to rebut that testimony, there was no prejudice. Id. at 671. Here, the expert witness created a report within three days of being struck by the court and was scheduled to be deposed less than a week later. Were it not for the trial court's order striking Swope as a witness, defense counsel would have obtained Swope's final report and deposed him months before trial, would have been well-versed in the subject matter of his testimony, and thus would have suffered no prejudice.
For the foregoing reasons, we reverse and remand for a new trial allowing Kaye to call Swope as her expert witness.
Reversed and Remanded.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] In fact, the trial did not actually take place until September 25, 2006.