PEGG, ROBERT L., Associate Judge.
Appellant Stephanie Lynn appeals from a final judgment in favor of appellee Richard Sakharoff after a non-jury trial on damages.
Appellee filed suit against the City of Boca Raton, two Boca Raton police officers and appellant in 2005. Appellee sought damages for false arrest against the City of Boca Raton and the police officers, and for malicious prosecution against appellant. The complaint demanded a trial by jury.
Appellant did not answer the complaint and was eventually defaulted. Appellee settled with the City and the police officers. Appellee sent notice to appellant that he was seeking a non-jury trial to resolve the issue of damages. She failed to appear at the trial and a judgment was entered against her. This timely appeal follows.
Appellant argues the entry of a default does not deprive a defendant of having damages decided by a jury if one was demanded in the complaint, absent a waiver. It is well settled that the entry of a default against a defendant does not deprive such defendant of the right to a hearing on unliquidated damages. Matejka v. Dulaney, 40 So.3d 865, 866 (Fla. 4th DCA 2010). When a jury trial has been demanded by the plaintiff, unless the defendant waives such right, the defendant is entitled to a jury trial on the issue of unliquidated damages. Shasho v. Euro Motor Sport, Inc., 979 So.2d 343, 345-46 (Fla. 4th DCA 2008).
A demand for trial by jury may not be withdrawn without the consent of *898 the parties. See Fla. R. Civ. P. 1.430(d). A party’s consent to a withdrawal of the demand for a jury trial “must be manifested by affirmative action.” Curbelo v. Ullman, 571 So.2d 448, 444 (Fla.1990). The mere failure of a party to appear for, or participate in, the non-jury trial is insufficient to constitute a waiver. Hornblower v. Cobb, 932 So.2d 402, 407-08 (Fla. 2d DCA 2006). The fact that the non-appearing party was served with notice of the non-jury proceedings, and failed to respond or participate, is insufficient. Barge v. Simeton,, 460 So.2d 939, 940 (Fla. 4th DCA 1984).
There is no evidence in the record that appellant waived her right to a jury trial. Accordingly, we reverse and remand for a jury trial on unliquidated damages. Our opinion here today makes the second issue on appeal, regarding service of process, unnecessary to address.

Reversed and Remanded.

TAYLOR and GERBER, JJ., concur.