SHEPHERD, C.J.,
dissenting.
I respectfully dissent. The majority opinion portrays one reading of the facts of this case. The detailed and thorough eleven-page order rendered by the trial court portrays another. Utilizing the pertinent standard set forth in Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)—which, as opposed to the standard in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), applies when the discovery misconduct is attributable to the litigant rather than his attorney — I conclude the trial court properly exercised its discretion in finding that Craig Toll had demonstrated a deliberate and contumacious disregard of the authority of the court. Mercer, 443 So.2d at 946.
As in Mercer, here, “[tjhere was no showing that the defendant either attempted to comply with the discovery order[s] or communicated any explanation or excuse to the court.” Id. Although Toll testified in his first deposition, taken on October 21, 2010, that he was not in possession of requested documents relating to InnoVida Holdings, he acknowledged as CFO he had the ability to request the documents directly from the subsidiary. Additionally, at the receivership hearing on November 5, 2010, at which Toll was present, his attorney strongly suggested Toll was aware of all prior court orders. Despite the issuance of an additional two orders compelling production after his first deposition, Toll made no effort to request the documents by the time of his second deposition on December 15, 2012. For five or six months before the default final judgment was entered, both Toll and his attorney knew Toll was in breach of his responsibilities. Thus, even if Toll had a defense prior to October 21, 2010, he did not after that date.
Although the record suggests Defendant’s counsel contributed to the delay in the discovery proceedings, the court ultimately found the individual parties responsible for the non-compliance. An order *889 striking a defendant’s pleadings and entering a default is reviewed for abuse of discretion. Mercer, 443 So.2d at 945. There is substantial competent evidence to support the decision of the trial court to strike the pleadings of all the individual defendants in this case, including Mr. Toll.
I would affirm the order striking pleadings and the final judgment.