DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KERRY ANN BARRETT,**
Appellant,

v.

**THE ESCAPE OF ARROWHEAD ASSOCIATION, INC.,**
Appellee.

No. 4D13-3044

[June 8, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jill Levy, Judge; L.T. Case No. CACE12016510.

Kerry N. Barrett, Hollywood, pro se.

Patrick Dervishi of Shir Law Group, P.A., Boca Raton, for appellee.

FORST, J.

Appellee The Escape of Arrowhead Association, Inc. ("the HOA") brought a foreclosure action against Appellant Kerry Ann Barrett for failure to pay her homeowners' association dues. During the course of the proceedings, the trial court struck Appellant's answer and affirmative defenses as a sanction for repeated misconduct. Without any answer to the HOA's complaint from Appellant to create a genuine issue of material fact, the trial court entered summary judgment in favor of the HOA. Appellant now appeals both the sanction and the summary judgment entered against her. As we are unable to find reversible error, we affirm the trial court's rulings on both issues.

## BACKGROUND

The HOA brought a foreclosure action against Appellant in 2011 based on a lien it obtained in 2006 for Appellant's failure to pay the required dues. Appellant answered the complaint and alleged a variety of affirmative defenses and a counterclaim arising from alleged negligence by the HOA in protecting and/or repairing Appellant's condo during Hurricane Wilma. Appellant's counterclaim and, later, amended counterclaims were eventually dismissed as outside of the statute of

limitations.

More pertinent to the case at hand, Appellant failed to comply with several discovery orders and was sanctioned for her failures for the first time on November 16, 2012. As part of the order granting sanctions, the court ordered Appellant to pay $500 to the HOA within 30 days. Appellant failed to make this payment within the specified time frame and the HOA again moved for sanctions on January 2, 2013.

The trial court scheduled a hearing on the January 2 motion and ordered Appellant to appear. She did not. On February 13, Appellant was given 30 days to pay another $500 sanction. She did not. On April 4, the HOA yet again moved for sanctions stemming from this failure to pay. The HOA requested the trial court strike Appellant's pleadings as a penalty.

At the hearing on the April 4 motion for sanctions, Appellant argued the reason she had not paid the February 13 sanction was because she had timely moved for rehearing on that order. The trial court, seeing no such motion before it, found that the Homeowner attempted to intentionally mislead the court by claiming that she filed a motion for reconsideration. Additionally, the court noted Appellant's failure to comply with numerous court orders and her untimely or non- payment of the resulting sanctions. The court found the noncompliance with court orders to be "inexcusable, willful, and deliberate."

Unfortunately, although the record before the trial court apparently did not include Appellant's motion for rehearing of the February 13 sanction, the supplemental record submitted to this Court includes a motion for rehearing marked as filed with the Broward County Clerk's office on February 22. It is unclear why it was not properly in the court file.

The trial court struck Appellant's answer and affirmative defenses and entered a default against her. The trial court then entered a final summary judgment against Appellant.

**ANALYSIS**

We review a trial court's order granting sanctions for an abuse of discretion. *See Nationwide Mut. Fire Ins. Co. v. Robinson*, 915 So. 2d 262, 263 (Fla. 4th DCA 2005); *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983) ("[T]o justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.").

Florida Rule of Civil Procedure 1.380(b) allows a trial court to enter an award of reasonable attorneys' fees as a sanction for failure to comply with discovery orders. The rule also allows for a trial court to enter "[a]n order striking out pleadings . . . or rendering a judgment by default against the disobedient party." Fla. R. Civ. P. 1.380(b)(2)(C).

"[T]he striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances." *Mercer*, 443 So. 2d at 946. "Moreover, the sanction 'must be commensurate with the violation, since "justice prefers decisions based upon the merits" over determinations resulting from defaults or dismissals.'" *Precision Tune Auto Care, Inc. v. Radcliffe*, 804 So. 2d 1287, 1290 (Fla. 4th DCA 2002) (quoting *Tubero v. Chapnich*, 552 So. 2d 932, 935 (Fla. 4th DCA 1989)). "A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." *Mercer*, 443 So. 2d at 946 (citation omitted).

Here, based on the record before the trial court, we cannot say the court abused its discretion when it entered the order granting sanctions. Appellant's conduct throughout the case had displayed a "deliberate and contumacious disregard for the court's authority" such that this extreme sanction was warranted. *Id.* Appellant has not shown, nor would we be inclined to agree, that "the trial court clearly erred in its interpretation of the facts and the use of its judgment," given the record before the court at the time of its ruling. *Id.* Therefore, we affirm the trial court's order granting sanctions, striking Appellant's answer and affirmative defenses, and entering a default against her. Additionally, since Appellant had been defaulted and had no responsive pleadings to show any genuine issues of material fact, we affirm the trial court's entry of summary judgment in favor of the HOA.

Our opinion in this case is not meant to operate as a bar to Appellant seeking relief from the trial court's judgment under Rule 1.540 of the Florida Rules of Civil Procedure. A Rule 1.540 motion may be Appellant's best opportunity to show the trial court that it made its ruling without an accurate understanding of the facts of the case, i.e., the filing of the motion for reconsideration on February 22, 2013.

## CONCLUSION

Based on the record before the trial court, we cannot say the trial court

abused its discretion by granting the motion for sanctions against Appellant and striking her pleadings. Likewise, the court did not err by granting summary judgment in favor of the HOA. Accordingly, we affirm as to both issues.

WARNER and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4