IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

OLUWABUKOLA OLAWOYE
and MULIKATOU DISU,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

 Appellants,

CASE NO. 1D15-3774

v.

OLUFISAYO ARUBUOLA,

 Appellee.

_____/

Opinion filed August 22, 2016.

An appeal from the Circuit Court for Duval County.
Lawrence P. Haddock, Judge.

Brian J. Lee of Schuler & Lee, P.A., Jacksonville, for Appellants.

Donald E. Pinaud, Jr. and Charles William Lammers of Kattman & Pinaud, P.A.,
Jacksonville, for Appellee.

BILBREY, J.

 Appellants challenge on appeal an order striking their pleadings and entering

a default against them as a sanction for failing to comply with a case management

order. Appellants argue that the sanctions were entered without the requisite

findings that their conduct was willful and contumacious, and must therefore be reversed. We agree. Appellants also challenge the final judgment awarding substantial monetary damages to Appellee, the plaintiff below, based upon Appellee's affidavit and without a jury determination. Appellee correctly concedes error on this point. Accordingly, the order sanctioning the Appellants and the final judgment on appeal are reversed.

This case stems from a domestic altercation among the parties which took place in 2006. In 2010, Appellee filed a 5-count complaint in tort for monetary damages against the Appellants, and demanded a jury trial. Appellants filed an answer and affirmative defenses. Progress of the litigation was delayed by at least one continuance, and Appellants proceeded pro se after withdrawal of their counsel. On January 17, 2014, the trial court entered a case management order setting the pretrial conference for October 9, 2014. Neither Appellant attended the pretrial conference or filed any of the documents required by this case management order. No transcript of the pretrial conference was prepared for the record.

On July 16, 2015, with no record activity in the interim, the trial court entered the sanctions including the default against Appellants. The trial court referred to an oral motion by Appellee made during the pretrial conference on October 9, 2014, granted the motion, struck Appellants' answer and affirmative defenses, and entered a default against the Appellants. The same date, Appellee

2

filed an affidavit specifying his monetary damages. Despite Appellee's demand for a jury trial earlier in the litigation, the trial court entered the final judgment for Appellee and awarded him damages in the amount of $122,500.00 without a jury proceeding.

Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment. Fla. R. Civ. P. 1.200(c). However, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order "that the party's conduct was willful and contumacious." Schneider v. Spaeth, 133 So. 3d 1167, 1168 (Fla. 4th DCA 2014) (citations omitted); see also Mullins v. Moneyham, 861 So. 2d 108 (Fla. 1st DCA 2003) (reversing order striking pleadings and entering default as sanction for failure to comply with discovery order; order lacked express written findings of willful or deliberate violation); Greenhill v. Shands Teaching Hosp. & Clinics, Inc., 834 So. 2d 896 (Fla. 1st DCA 2003) (reversing dismissal of action upon appellants' failure to comply with pretrial conference order due to lack of finding in order that party's conduct was willful or deliberate); Kelley v. Schmidt, 613 So. 2d 918 (Fla. 5th DCA 1993) (reversing order striking pleadings and entering default judgment upon party's failure to attend pretrial conference; order lacked express written findings of willfulness or contumacious behavior). The absence of such finding expressed in

the order striking Appellants' answer and entering a default against them requires reversal. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla. 1990).

As for the final judgment awarding monetary damages in favor of Appellee based upon an affidavit and without a jury determination, Appellee properly conceded error on appeal. See Curbelo v. Ullman, 571 So. 2d 443, 444 (Fla. 1990) ("When a jury trial has been requested by the plaintiff, the defendant is still entitled to a jury trial on the issue of damages even though a default has been entered against the defendant. . . ."); Lynn v. Sakharoff, 82 So. 3d 896 (Fla. 4th DCA 2011).

Accordingly, the order striking Appellants' answer and affirmative defenses and entering a default against them is REVERSED. The final order awarding monetary damages is likewise REVERSED and this matter is REMANDED for further proceedings.

KELSEY and M.K. THOMAS, JJ., CONCUR.