DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTY GREEN,**
Appellant,

v.

**ISAAC MANN** and
**JM & IC INVESTMENTS, LLC,**
Appellees.

No. 4D2024-1945

[August 6, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos Augusto Rodriguez, Judge; L.T. Case No. CACE21019897.

Christy Green, Pompano Beach, pro se.

Justin C. Carlin of The Carlin Law Firm, PLLC, Fort Lauderdale, for appellees.

FORST, J.

Appellant Christy Green timely appeals the trial court's final order striking her pleadings, dismissing her amended complaint with prejudice, and entering a default on appellee Isaac Mann's amended counterclaim as sanctions. We affirm.

## Background

Represented by counsel, Green sued Mann and appellee JM & IC Investments, LLC ("Defendants"). The amended complaint alleged various causes of action including fraud, conversion, tortious interference with a contractual right and advantageous relationship, breach of fiduciary duty, unjust enrichment, declaratory relief, accounting, judicial dissolution of the LLC, and appointment of a receiver for the LLC. Mann counterclaimed, contending that Green stole and damaged his personal vehicles.

Defendants served a request to produce ("RTP") and sought to schedule Green's deposition. Green, through counsel, requested several extensions

of time. Defendants moved to compel Green's compliance with discovery, and the trial court entered an agreed order, requiring Green to provide deposition dates within five days and respond to the RTP within fourteen days. After these deadlines passed, Defendants moved for civil contempt and sanctions. This motion informed the trial court that Green's counsel failed to respond to the RTP by the trial court's ordered deadline and, without the RTP documents, Green's deposition had to be postponed. Additionally, Defendants attached an email documenting their unsuccessful attempts to obtain a status update from Green's counsel.

The trial court scheduled Defendants' contempt motion for hearing and "commanded" Green to "respond to the RTP on or before May 10, 2024, and submit to [her] deposition by May 15, 2024." A show cause hearing followed on the May 15, 2024 date, and the trial court deferred ruling on the contempt motion, which resulted in new compliance deadlines. After these deadlines passed, Defendants filed a renewed motion for civil contempt/sanctions and striking of Green's pleadings. This motion described Defendants' subsequent attempts to depose Green since the show cause hearing, including Green and her counsel no-showing for her scheduled deposition. Moreover, the motion described how Green's counsel had "provided only a handful of irrelevant bank statements" in response to the RTP.

Prior to the hearing on Defendants' renewed motion, Green's counsel moved to withdraw from the case, citing irreconcilable differences. The trial court subsequently held a hearing[1] on Defendants' contempt motion and Green's counsel's motion to withdraw and entered a detailed order.

With respect to Defendants' sanctions motion, the trial court's order acknowledged that striking of pleadings is an "extreme sanction," but found that this sanction is appropriate for repeated discovery violations and disregard for the trial court's orders. The trial court order reflects the court conducted a "full *Kozel* inquiry," and the order detailed the court's six-factor *Kozel* analysis.[2] Ultimately, the court granted Green's counsel's motion to withdraw, provided Green time to obtain new counsel, and set a case management conference "to consider any motions, sworn documents or testimony [the parties] wish[] to present on the appropriate sanction." The order required "[a]ll motions, sworn proof, any relevant document or witnesses list with a summary of their testimony" to be filed in advance of the conference.

---

[1] Green failed to provide a transcript from this hearing despite our granting her multiple extensions to provide it.

[2] *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993) (listing these six factors).

Green did not file any additional documents by the trial court's new deadline. At the case management conference, the trial court informed Green, who appeared pro se, "I can't have you just ignoring Court orders, failing to comply, given another opportunity." The court struck Green's pleadings, dismissed her amended complaint with prejudice, and entered a default against Green on Mann's amended counterclaim. Green's appeal follows.

## Analysis

"A lower court's decision to impose sanctions is reviewed under an abuse of discretion standard." *Massey v. Thomas*, 342 So. 3d 680, 683 (Fla. 4th DCA 2022). "It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed on appeal absent an abuse of the sound exercise of that discretion." *Ham v. Dunmire*, 891 So. 2d 492, 495 (Fla. 2004).

Green argues that her counsel provided ineffective assistance of counsel due to his "negligent" handling of discovery in the underlying case, and "the trial court's refusal to address the impact of counsel's negligence effectively penalized [Green] for [her] attorney's failures, resulting in an inequitable judgment." Green's arguments suggest that her counsel was responsible for the discovery violations, not her, which relates to the third *Kozel* factor. *See Kozel,* 629 So. 2d at 818 ("whether the client was personally involved in the act of disobedience").

Defendants argue that Green's appellate arguments are not preserved and are waived because Green failed to (1) provide a transcript of the *Kozel* hearing; (2) raise arguments regarding the ineffectiveness of her counsel in the trial court; and (3) file documents or sworn proof before the trial court imposed the sanctions (despite her receiving this opportunity). Defendants also contend that ineffective assistance of counsel is not a separate basis to avoid sanction, and the trial court's order properly addressed the matter under the applicable governing six-factor *Kozel* test.

### A. Preservation

Initially, we agree with Defendants that Green's arguments were not preserved and were waived below. Green failed to provide a transcript of the hearing during which the trial court conducted its "full *Kozel* inquiry," and the trial court's written order made findings indicating that the trial court considered all six *Kozel* factors. *See Burkett v. Burkett*, 155 So. 3d 478, 478 (Fla. 1st DCA 2015) ("Without a transcript, we cannot know what

3

evidence the court heard beyond the documents that were filed in the record, and we cannot know what issues were preserved for review."); *Erdman v. Bloch,* 65 So. 3d 62, 66 (Fla. 5th DCA 2011) ("If the court had made the [*Kozel*] findings in the order, the absence of a transcript would have prevented review . . . .").

Next, to the extent Green challenges the trial court's *Kozel* findings, she never raised any arguments about these findings or any perceived deficiencies in a timely-filed motion for rehearing. *See Sanderson v. Karch,* 257 So. 3d 1091, 1091 (Fla. 4th DCA 2018) (affirming due to appellant's failure to raise *Kozel* issue during the hearing or in a motion for rehearing or reconsideration); *see also Bank of Am., N.A. v. Ribaudo,* 199 So. 3d 407, 408–09 (Fla. 4th DCA 2016) (same).

Finally, *before* imposing the sanctions of striking Green's pleadings, dismissing her amended complaint, and defaulting Green on Mann's amended counterclaim, the trial court gave Green time to find new counsel and "file any motions or sworn proof [for the court's] consider[ation] before ruling on the appropriate sanctions." Green received this written order via email, yet Green never obtained new counsel nor filed *anything* for the trial court's consideration regarding her assertion that Green's counsel was "negligent" or provided ineffective representation. Instead, Green appeared pro se at the case management conference, having made no efforts to comply with discovery since the prior hearing. *See Reeser v. Boats Unlimited, Inc.*, 432 So. 2d 1346, 1349 (Fla. 4th DCA 1983) ("At the conclusion of the conference, the trial judge gave the parties the opportunity to make objections for the record, but appellants did not avail themselves of this opportunity and thus have waived any error."). Thus, Green was not deprived of the opportunity be heard and present evidence before the trial court-imposed sanctions on her.

## B. The Merits

Even if we were to address Green's appellate arguments on the merits, we would conclude that the trial court's disposition should be affirmed. The trial court's order delineated the *Kozel* factors, made the requisite findings, and the record supports such findings. The *Kozel* six-factor test balances "the severity of the sanction and its impact on the litigants" to ensure litigants are not unfairly punished for their counsels' failures. *Alsina v. Gonzalez,* 83 So. 3d 962, 965 (Fla. 4th DCA 2012) ("[T]here may be circumstances involving such misbehavior by counsel in which dismissal is appropriate even absent the litigant's involvement in an attorney's misconduct . . . ." (quoting *Ham,* 891 So. 2d at 498)); *Celebrity Cruises, Inc. v. Fernandes,* 149 So. 3d 744, 751 (Fla. 3d DCA 2014).

4

Here, the record reflects that Green and her counsel violated at least three court-ordered deadlines to comply with scheduling Green's deposition and respond to the RTP. Moreover, on two separate occasions *before* imposing the dismissal sanction, the trial court gave Green's counsel and Green the opportunity to avoid the sanctions and comply. Nonetheless, Green appeared pro se at the case management conference and had not made any additional efforts to comply with discovery, including responding to the RTP that Defendants filed nearly one year prior. Based on these facts, Green cannot demonstrate that the trial court abused its discretion when it struck Green's pleadings, dismissed her amended complaint with prejudice, and defaulted her on Mann's amended counterclaim. *See, e.g., Barrett v. Escape of Arrowhead Ass'n, Inc.*, 194 So. 3d 504, 505–07 (Fla. 4th DCA 2016) (no abuse of discretion when the trial court struck the appellant's answer and affirmative defenses as a sanction because the appellant "failed to comply with several discovery orders"); *Precision Tune Auto Care, Inc. v. Radcliffe*, 804 So. 2d 1287, 1291 (Fla. 4th DCA 2002) (striking of pleadings was warranted when a witness and their counsel exhibited a "cavalier attitude" regarding complying with the trial court's discovery orders).

**Conclusion**

Green's amended complaint asserted ten causes of action against Defendants. To better understand Green's allegations, Defendants commenced discovery, requested documents, and sought to depose Green. The response of Green and her counsel was delay, delay, withdraw, and delay. The trial court provided ample opportunity for Green to avoid dismissal, but after considering the *Kozel* factors, the court essentially declared "Enough!" A party that files suit must be willing to respond to discovery requests and case management orders. Green's failure to do so indicated an unwillingness to play by the rules and thus supports the dismissal of her amended complaint with prejudice.

*Affirmed.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***