# Third District Court of Appeal
## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1955
Lower Tribunal No. 13-30875-CA-01
_____

**Dania Hernandez,**
Appellant,

vs.

**Wilmington Savings Fund Society, FSB**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

David J. Winker, P.A., and David J. Winker, for appellant.

Law Offices of Manganelli, Leider & Savio, P.A., and Melisa Manganelli (Boca Raton), for appellee.

Before FERNANDEZ, GORDO and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ("It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion."); Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) ("We agree that the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances.  A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.") (internal citations omitted); Green v. Mann, 420 So. 3d 501, 504 (Fla. 4th DCA 2025) ("The trial court's order delineated the Kozel factors, made the requisite findings, and the record supports such findings.").