# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1700

_____

ALL DRY USA,

  Appellant,

  v.

FRED SAVELL and MARY SAVELL,

  Appellees.

_____

On appeal from the Circuit Court for Escambia County.
Amy P. Brodersen, Judge.

March 25, 2026

WINOKUR, J.

This case arises from a dispute over money owed for remediation and mitigation services rendered by All Dry USA (ADU). Because the trial court erred in striking ADU's complaint as a sanction for violating a discovery order, we reverse.

I

In September 2020, Fred and Mary Savell's home was damaged by the flooding from Hurricane Sally. The Savells then contracted with ADU to provide water mitigation, mold remediation, and a restorative tarp. The Savells executed a "Work Authorization Agreement" with ADU. After providing more than a

week's worth of work on the Savells' home, ADU invoiced the Savells for the services rendered. The three invoices provided by ADU valued the work provided at $90,130.61. The Savells disputed the valuation of the work performed and refused to pay.

ADU sued the Savells for breach of contract and unjust enrichment. The Savells answered, admitting that they contracted with ADU for remediation and mitigation services, but denying that agreement was reached about the cost of the services.

As part of discovery, the Savells served ADU with a request for production of documents. ADU failed to respond to the request, so the Savells moved the trial court for an order compelling discovery. The trial court granted the motion and ordered ADU to respond to the request and to comply with all outstanding discovery deadlines. On the day ADU's response was required, ADU filed a motion for an extension of the deadline. But before the trial court ruled on the motion, the Savells moved the trial court to strike ADU's complaint as a sanction for violating the discovery order and the case management order.

Following a hearing, the trial court granted the Savells' motion to strike the pleadings, stating that ADU failed to comply with the deadlines in the case management order and that, in doing so, ADU's actions prejudiced the Savells. The order, however, did not explain how the Savells were prejudiced by ADU's noncompliance with the case management order or the order compelling discovery. The Savells then moved the trial court for a default judgment because ADU no longer had an operative complaint. The trial court granted that request and entered judgment for the Savells. And after rehearing was denied, this appeal followed.

II

ADU argues the trial court (1) denied ADU due process when it struck its complaint as a sanction, and (2) failed to find that ADU willfully disregarded the trial court's discovery orders.[*]

---

[*] We reject the Savell's argument that ADU cannot receive appellate relief because it failed to present a sufficient record for

We begin with the source of the trial court's authority to strike pleadings—Florida Rule of Civil Procedure 1.380(b)(2). The rule grants trial courts the discretion to strike pleadings in response to discovery order violations. *Id.* We note, however, that rule 1.380(b)(2) only grants trial courts the discretion to strike pleadings if a *discovery order* is disobeyed. *See id.* And that the trial court's discretion is not unbridled. *See Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983). Thus, an order striking pleadings is justified if it is found that a party has violated numerous *discovery* orders, or has shown a "deliberate and contumacious disregard of the court's authority[.]" *Id.* Under this standard, it does not appear that an order striking pleadings is justified.

A

First, the trial court's order addresses only the perceived prejudice that the Savells would suffer if ADU were allowed to extend the discovery deadline to disclose an expert witness when the trial date was fast approaching. Although important, prejudice is not the standard by which a trial court should be guided when deciding to strike pleadings as a sanction for disobedience of discovery orders. *See Mercer*, 443 So. 2d at 946 (holding that striking pleadings is appropriate when the sanctioned party showed a "deliberate and contumacious disregard of the court's authority" or acted in "bad faith, [or] willful disregard or gross indifference to an order of the court[]"); *see also Clark v. Lake City Police Dep't*, 723 So. 2d 901, 902 (Fla. 1st DCA 1999) ("[O]rders striking pleadings should contain specific findings of a willful failure or deliberate refusal to comply with discovery.").

The trial court here did not find that ADU deliberately and willfully disregarded a discovery order. Rather than disobey the trial court's order compelling a response to the Savells' request for production, ADU chose to move for an extension of the deadlines.

---

appellate review by including transcripts, in particular the transcript of the hearing on the motion to strike pleadings, in the record on appeal. The issue on appeal does not turn on factual findings that transcripts would disclose, but rather on the trial court's legal conclusion and election of remedies.

3

We find no contumacious disregard of a court's authority in such an action.

Likewise, ADU's actions do not rise to the level commonly associated with the sanction of striking pleadings. As the Fifth District put it:

> [T]his is not a case in which one party flat-out refused to furnish information requested. It is a partial compliance case in which information is trickling in slowly, which courts have described as 'foot-dragging," not stone-walling. In these kinds of cases, the court should initially devise sanctions and remedies short of the ultimate sanction of dismissal.

*Kilstein v. Enclave Resort, Inc.*, 715 So. 2d 1165, 1169 (Fla. 5th DCA 1998). See also *Green v. Mann*, 420 So. 3d 501, 504(Fla. 4th DCA 2025) (holding that the trial court did not abuse discretion in striking pleadings because Green and her counsel "violated *at least three* court-ordered deadlines to comply with scheduling Green's deposition" and because "on two separate occasions *before* imposing the dismissal sanction, the trial court gave Green's counsel and Green the opportunity to avoid the sanctions and comply." (emphasis supplied)); *Clements v. Club Space Mgmt., LLC*, 388 So. 3d 923, 925 (Fla. 3d DCA 2024) (affirming trial court order striking pleadings where trial court found appellant failed to comply with *multiple* discovery orders up to the eve of trial, even after "multiple hearings and admonitions by the trial judge").

B

Second, the trial court's order found that the sanction was justified because ADU did not comply with the deadlines in the case management order. But failure to comply with case management deadlines is not grounds for the ultimate sanction of striking a party's pleadings. *Cf.* Fla. R. Civ. P. 1.200(j)(6) (providing that striking of pleadings is available when a party does not attend a case management conference).

Indeed, nothing in rule 1.200 or 1.380 grants a trial court the authority to strike a pleading because certain case management

4

deadlines are not met. Rather, the rules allow trial courts to bring the parties in, order them to comply with the case management discovery deadlines, and then strike pleadings if the subsequent discovery orders are disobeyed. *See generally* Fla. R. Civ. P. 1.200, 1.380. And even then, the striking is justified *only* if the trial court makes a finding that the disobedience was "willful and contumacious." *Oluwabukola Olawoye v. Olufisayo Arubuola*, 198 So. 3d 1086, 1088 (Fla. 1st DCA 2016) ("The absence of [a finding that the party's conduct was willful and contumacious] expressed in the order striking Appellants' answer and entering a default against them requires reversal." (citing *Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271 (Fla. 1990))).

Thus, without such a finding, we cannot affirm.

III

The order striking ADU's complaint is REVERSED, the default judgment is VACATED, and the case is REMANDED for further proceedings.

OSTERHAUS, C.J., concurs; LONG, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

LONG, J., concurring in result only.

I concur in the result only. I would reverse based solely on the trial court's failure to make an express written finding that ADU willfully or deliberately refused to obey a court order. *See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271 (Fla. 1990) (holding that a trial court must make an express written finding that a party willfully or deliberately refused to obey a court order before the sanctions of dismissal or default may be imposed against the party under rule 1.380). The majority goes

5

beyond that holding and suggests that the order would still be reversible even if the required written finding had been included. I likewise decline to reach the question of whether violation of a discovery order contained within a case management order can be sufficient to strike pleadings under rule 1.380(b)(2). Finally, I note for clarity that the trial court's error goes only to the striking of the complaint, not to the striking of any untimely filed witness lists.

––––––––––––––––––––––––––––––

Michael L. Buckner of Buckner Legal Self-Help Program, Inc., Coral Springs, for Appellant.

Ryan M. Barnett of Whibbs Stone Barnett Turner, P.A., Pensacola, for Appellees.